403 P.2d 570

**Jo Ann CLARK, Plaintiff-Appellant,**
**v.**
**Kenneth CLARK, Defendant-Respondent.**
**No. 9457.**

Supreme Court of Idaho.
June 21, 1965.

92

---

J. Henry Felton, Lewiston, Phillip M. Becker, Gooding, for plaintiff-appellant.

Roberts & Poole, Boise, for defendant-respondent.

McQUADE, Chief Justice.

Jo Ann Clark, plaintiff-appellant, and Kenneth Clark, defendant-respondent, were married on or about the 13th day of January, 1958, were divorced in 1961 and thereafter were remarried on the 3rd day of July, 1961. The parties were divorced for the second time on March 23, 1962.

By the decree appellant was awarded the absolute care, custody, management, education and control of the two minor children born of the marriage, respondent to have reasonable visitation rights and to pay child support of $50 per month per child. Respondent was ordered to pay the community indebtedness and $350 as appellant's attorney's fees in the divorce action.

On July 14, 1963, respondent visited appellant's home and took the two minor children without the permission of appellant and refused to return them. Pursuant thereto, a petition for writ of habeas corpus was issued and hearing had on July 18, 1963.

On the 30th day of July, 1963, respondent secured an order to show cause why the decree of divorce (second divorce) should not be modified so that he be awarded the custody of the minor children. Hearing was had on the 3rd of September, 1963, and further on the 23rd of October, 1963. All testimony adduced at the habeas corpus proceeding was introduced by stipulation of the parties. On the 7th of November, 1963, the trial judge modified the divorce decree by awarding respondent custody of the minor children and relieving him of the support money payments. Appellant takes her appeal from this order.

Kenneth Clark, respondent, testified that the two minor children were unclean and were not well disciplined. He further testified there was no difficulty over visitation rights with the children until he objected to the presence of one Richard L. Bowman in the home of appellant. Respondent contended that appellant and Bowman had been cohabiting without benefit of marriage.

Bowman was at the residence of appellant, Jo Ann Clark, on various occasions. His presence overnight was confirmed on at least three occasions. At that time Bowman was engaged to appellant. Bowman had complete access to appellant's automobile and used appellant's residence as his mailing address. Bowman and appellant testified that appellant's residence was used only to store Bowman's belongings while Bowman was out of work.

Prior to his association with appellant, Bowman had been convicted and placed on parole for writing no-account checks. At the time of the hearing for modification of the divorce decree, Bowman was being sought for writing other checks without sufficient funds in his bank account.

During the interval between the habeas corpus hearing and the hearing for modification of the divorce decree, Richard L. Bowman left for employment in Alaska. Though explicitly examined on this point, appellant testified that Bowman had left on August 5, 1963, while respondent asserted that appellant and Bowman had spent the night of August 5 together in appellant's home. The United Airlines customer service manager testified that a person whose name was Bowman left Boise shortly after noon on the 6th of August.

Appellant was receiving support monies from the Department of Public Assistance. Appellant did not make a disclosure to that Department of money received from respondent. Appellant also had not disclosed to the Department additional income re-

**94**

ceived by way of tips at her place of employment.

Jo Ann Clark submitted testimony on her own behalf that respondent had made threats against her and on several occasions had confronted her as to the welfare of the children. Appellant presented testimony to show the reasonableness of Bowman's presence at her home in light of threats of violence by respondent. Appellant further testified that no immoral significance could be attached to Bowman's presence in her home.

The explanation given for the presence of Bowman at the residence of appellant was that Bowman was out of a job, had no transportation of his own, had filed applications with several national firms in his line of work, and was merely awaiting results of those applications.

There is evidence to show that at all times while appellant was absent from her home for any length of time, a babysitter was present. In addition, several witnesses testified that appellant took good care of the children under the circumstances and that they were not unclean or undisciplined.

In April of 1964 appellant filed a motion in re contempt, to require respondent to show cause why he should not be held to pay back support money for the minor children while still in the custody of appellant. In May of 1964 respondent filed a motion

for the temporary custody of the minor children and to require that appellant be held in contempt if she so refused. The order of the trial court issued on the 8th of May, 1964, withheld consideration of the motions of both parties pending determination of issues of law by the Supreme Court on the modification hearing and the order directing a modification of the divorce decree as to the custody and support of the minor children. The trial court did, however, direct that respondent be required to pay the sum of $100 each month from the time of that order to the determination of the action by the Supreme Court on appeal. Further, the court directed respondent to pay appellant the amount of $300 for the previous three months in 1964.

Appellant makes eight assignments of error. The first assignment is the trial court's failure to make findings of fact and conclusions of law. Appellant relies upon the wording of Rule 52(a), I.R.C.P., which states:

"In the district courts, in all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which con-

stitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge of the credibility of those witnesses who appear personally before it. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under rules 12 or 56 or any other motion except as provided in rule 41(b)."

As regards Rule 52(a), appellant urges that proceedings involving custody of children were not within the contemplation of the rule makers at the time of the adoption of the Idaho Rules of Civil Procedure. Appellant reasoned that the case law under the complementing statutes, I.C. §§ 10–302, 10–303 and 10–304, would still be controlling. The case of Cheesbrough v. Jensen, 62 Idaho 255, 109 P.2d 889 (1941), which applied I.C.A. § 7–302, now I.C. § 10–302, stated therein:

"On an application for the custody of a minor child based upon a change of conditions since the entry of the decree, the welfare and best interests of the child are the controlling consideration. [Cases cited] That involves the trial of a question of fact. Section 7–302, I.C.A., requires that 'upon a trial of a question of fact by the court, its decision must be in writing * * *.' The record discloses the trial court made no findings of fact or conclusions of law upon that decisive question.

"This court has repeatedly held it is the duty of a trial court to make findings upon each and every material issue upon which proof is offered, and that its failure to do so is ground for reversal."

Conflicting testimony appears in the record. Therefore, it is necessary that findings of fact and conclusions of law be made by the trial court and included in the record before this court. Jesse M. Chase, Inc. v. Leonard, 69 Idaho 109, 203 P.2d 600 (1949); Holden v. Holden, 63 Idaho 70, 116 P.2d 1003 (1941); Cheesbrough v. Jensen, supra.

While the court has recently held, Patton v. Patton, 88 Idaho 288, 399 P.2d 262 (1965), that a modification of a divorce decree came under Rule 7(b) (1), I.R.C.P., the intent of Rule 52(a) is to require find-

**96**

ings of fact and conclusions of law upon which a final order or judgment of an action shall be predicated.

The order modifying the decree for custody of the children is reversed and a new trial is granted, at which time the whole case may be retried and the custody, care and best interests of the children may be further examined into and considered. The trial court will make appropriate findings of fact and conclusions of law and will enter an order based thereon.

Costs to appellant.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.