860 P.2d 23

**Judith K. KEELER, Plaintiff–Appellant,**

v.

**Robert B. KEELER, Defendant–Respondent.**

No. 20468.

Court of Appeals of Idaho.

Sept. 13, 1993.

Petition for Review Denied Oct. 22, 1993.

Dan J. Rude, Coeur d'Alene, for plaintiff-appellant.

Cameron L. Phillips, Coeur d'Alene, for defendant-respondent.

PERRY, Judge.

Judith Keeler (Judith) appeals from the district court's order dismissing her appeal from the magistrate's division. The magistrate denied Judith's motion for summary judgment with regard to Robert Keeler's (Robert) petition to modify spousal support. We affirm the dismissal order of the district court.

## BACKGROUND FACTS AND PROCEDURE

The decree of divorce in this case was entered in March 1988. Although the record does not show the nature of the modification, the decree evidently was modified in May 1988. In 1991, Robert filed a second petition to modify the decree. He sought relief from the spousal support requirement in the decree which incorporated a property settlement agreement (PSA) providing for the support of Judith. Judith moved to dismiss Robert's petition and for summary judgment on the ground that the PSA was integrated into the decree, thereby rendering the decree nonmodifiable with respect to the support provision. The magistrate denied Judith's motions on the ground that there is a presumption a PSA is not integrated into the subsequent decree; that there must be clear and convincing evidence presented to overcome this presumption; that there was not such evidence in the record; and, consequently, there were material facts yet to be decided before the court could resolve whether the decree should be modified.

Judith appealed to the district court from the order denying her motion for summary judgment. Robert moved to dismiss the appeal, arguing that such an order was nonappealable. The district court agreed with Robert's position. The district court held that the petition for modification was a "new" action under I.R.C.P. 3(a) which ultimately would result in a final judgment or order and, therefore, the order denying the motion for summary judgment was not an "order entered after final judgment," appealable under I.A.R. 11(a)(7).

## ISSUE

On this appeal from the district court proceeding, Judith challenges the district court's conclusion that the magistrate's order denying a motion for summary judgment in a proceeding for modification of the spousal support provisions in a divorce decree is not an appealable order. She asserts that the decree of divorce was a final judgment; that the order denying her motion for summary judgment was an order entered after the final judgment and, therefore, the order was appealable as a matter of right under I.A.R. 11(a)(7).

## DISCUSSION

Idaho Code § 32–709 provides that the district court has continuing jurisdiction to modify the provisions of a divorce decree respecting maintenance or support. It states: "The provisions of any decree of divorce concerning maintenance or support may be modified ... upon a showing of a substantial and material change of circumstances." Idaho Rule of Civil Procedure 7(b)(1), provides in relevant part:

An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity

the grounds therefor, ... and shall set forth the relief or order sought.

It has been held that the predecessor to I.R.C.P. 7(b)(1) governs applications for modification of divorce decrees with respect to custody and child support issues. *Clark v. Clark*, 89 Idaho 91, 403 P.2d 570 (1965); *Patton v. Patton*, 88 Idaho 288, 399 P.2d 262 (1965). In considering the issue before us, we perceive no sound reason why Rule 7(b)(1) should not also apply to actions for modification of the spousal support provision in a divorce decree.

However, we need not address appellant's contention that interlocutory orders entered after an original divorce decree—such as a motion for summary judgment on a petition for modification—are "appealable" under Rule 11(a)(7). We find the controlling issue in this case to be whether or not the order denying the motion for summary judgment was "reviewable" by the district court sitting in its appellate capacity from the magistrate's division.

Idaho Code § 1–2213 is the statute addressing appeals to the district court. It recites "Appeals from final judgments of the magistrate's division shall be taken and heard in the manner prescribed by law or rule."

The following rules supplement I.C. § 1–2213, establishing when appeals may be taken to the district court from the magistrate's division. First, I.R.C.P. 83(a) states that:

An appeal must first be taken to the district judges division of the district court from any of the following judgments, orders or decisions rendered by a magistrate:

(1) A final judgment in a civil action or a special proceeding commenced [in], or assigned to, the magistrate's division of the district court.

(2) Any of the orders, judgments or decrees in an action in the magistrate's division which would be appealable from the district court to the Supreme Court under Rule 11 of the Idaho Appellate Rules.

However, I.R.C.P. 83(u), governing civil appeals from the magistrate's division to the district court, provides additional guidance as to the scope and standard of that review:

The scope of appellate review on an appeal to the district court shall be as follows:

(1) Upon an appeal from the magistrate's division of the district court, not involving a trial de novo, the district court shall review the case on the record and determine the appeal as an appellate court in the same manner and upon the same standards of review as an appeal from the district court to the Supreme Court under the statutes and laws of this state, and the appellate rules of the Supreme Court.

Thus, the thrust of the rules applicable to appeals from the magistrate's division to the district court requires the district court to abide by the same standards used by the Supreme Court in resolving appeals reviewed by that Court.

One of those standards observed by the Supreme Court was expressed in the case of *State, Department of Law Enforcement v. One 1955 Willys Jeep*, 100 Idaho 150, 595 P.2d 299 (1979). That case was an action for the forfeiture of a motor vehicle, under the Controlled Substances Act, brought by the State in the magistrate division. The owner of the vehicle moved for summary judgment on the ground that the case had not been brought to trial with a time certain required by the Act. The magistrate denied this motion, and the owner appealed to the district court. The district court reversed the magistrate's decision and remanded the case for a determination as to the cause for the delay in holding the trial. On remand the magistrate found that the delay was caused by the court and the court clerk's office and dismissed the case. This led to an appeal by the State, wherein the district court upheld the magistrate's dismissal of the case. On further appeal to the Supreme Court, the Court addressed the propriety of the first appellate proceeding before the

district court. In this regard, the Supreme Court stated:

The power of the district court when acting as an appellate court is limited to reviewing 'final judgments of the magistrate's division'.... It is well established that an order denying a motion for summary judgment is not a final judgment for purposes of appeal. The district court therefore lacked jurisdiction to hear the first appeal from the magistrate's order denying the motion for summary judgment.

100 Idaho at 152, 595 P.2d at 301 (citations omitted) (footnote omitted).

█ In addition to the general principle that an order denying a motion for summary judgment is nonappealable *per se*, it also has been held that an order denying a motion for summary judgment is not "reviewable". This is so, even when questioned on an appeal taken from a separate, appealable order or judgment. In reaching this latter conclusion, the Court of Appeals has explained:

An order denying a motion for summary judgment is not a final order and a direct appeal ordinarily cannot be taken from it. I.A.R. 11(a). It is also the general rule that an order *denying* a motion for summary judgment is not reviewable on appeal from a final judgment.

.    .    .    .    .

In our view, by entering an order denying summary judgment, the trial court merely indicates that the matter should proceed to trial on its merits. The final judgment in a case can be tested upon the record made at trial, not the record made at the time summary judgment was denied. Any legal rulings made by the trial court affecting that final judgment can be reviewed at that time in light of the full record. This will prevent a litigant who loses a case, after a full and fair trial, from having an appellate court go back to the time when the litigant had moved for summary judgment to view the relative strengths and weaknesses of the litigants at that earlier stage. Were we to hold otherwise, one

who had sustained his position after a fair hearing of the whole case might nevertheless lose, because he had failed to prove his case fully on the interlocutory motion. We are persuaded that we should now adopt the general rule. We decline to review the trial court's decision denying Jensen's motion for summary judgment.

*Evans v. Jensen,* 103 Idaho 937, 941–42, 655 P.2d 454, 458–59 (Ct.App.1982) (citations omitted). *Evans* subsequently was cited and applied by the Idaho Supreme Court in *Watson v. Idaho Falls Consolidated Hospitals, Inc.,* 111 Idaho 44, 46, 720 P.2d 632, 634 (1986).

The Court of Appeals' explanation of why appellate review should not be undertaken of an order denying a summary judgment motion, when an appeal is taken from an appealable judgment or order, is equally applicable to the denial of a motion for summary judgment entered in a post-judgment proceeding. This approach is aptly demonstrated by the circumstances of the instant proceeding. Here, the magistrate determined that factual questions existed with regard to whether the divorce decree should be further modified. When those issues are resolved, the magistrate will be better able to decide the modification application on its merits. If, after a fair hearing, the magistrate ultimately decides that an order modifying the decree should be granted, then the summary judgment proceeding will merge into the district court's review of the modification order. It would be unjust to allow appellate reconsideration of the summary judgment motion when the case has been decided on its merits. *Home Indemnity Co. v. Reynolds & Co.,* 38 Ill. App.2d 358, 187 N.E.2d 274 (1963), cited in *Evans,* at 941, 655 P.2d at 458.

█ Accordingly, we need not determine if the magistrate's order denying Judith's motion for summary judgment was an "appealable" order under I.A.R. 11(a)(7). The standard established by the Supreme Court makes the order denying Judith's motion for summary judgment not "reviewable" by the district court. Since the propriety

of the magistrate's order was the only issue presented on the appeal to the district court, and because the correctness of that order was not a proper subject for review on appeal, the district court did not err in dismissing the appeal.

The order of the district court dismissing the appeal from the magistrate's division is affirmed. We award costs to respondent. No attorney fees are allowed.

WALTERS, C.J., and LANSING, J., concur.