895 P.2d 581

Larry ERNST and Lori Ernst, husband and wife, Plaintiffs–Respondents,

v.

HEMENWAY AND MOSER CO., INC., Hemenway and Moser of Boise, Inc., and H & M Distributing, Inc., Defendants–Appellants.

No. 20893.

Court of Appeals of Idaho.

April 6, 1995.

Review Denied June 14, 1995.

John B. Kugler, Pocatello, for appellants.

Harry C. De Haan, Twin Falls, for respondents.

PERRY, Judge.

H & M Distributing, Inc., appeals from an amended judgment awarding damages, and attorney fees to Larry and Lori Ernst following a court trial. H & M asserts that the district court's findings contained in its memorandum decision are unsupported by the evidence and that the district court committed several errors in the proceedings below. H & M also challenges an attorney fee award in favor of the Ernsts. For the reasons expressed below, we affirm the amended judgment of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

The factual background of the litigation between the parties can be found in our opinion on the previous appeal upholding H & M's liability to the Ernsts for breach of an oral contract. *Ernst v. Hemenway and Moser, Co., Inc.,* 120 Idaho 941, 821 P.2d 996 (Ct.App.1991). There, this Court affirmed the district court's ruling not to excuse H & M from liability on the basis of a release between the Ernsts and H & M's predecessors in interest, Hemenway and Moser Co., Inc., and Hemenway and Moser of Boise, Inc. (Hemenway). This Court also affirmed the district court's order granting the Ernsts' motion for a new trial on the issue of damages, and the case was remanded.

Late in 1992, H & M filed a motion in the district court to amend its pleadings and a motion for summary judgment. In a memorandum decision dated January 8, 1993, the district court denied the motion to amend on grounds that it was untimely. The district court also held that the law of the case precluded summary judgment for H & M on liability issues because those issues had been resolved against H & M in the prior trial and appeal. The district court denied summary judgment on the two arguments raised in the motion: the effect of the release and H & M's attempt to obtain a credit or setoff equal to the amount specified in the release.

The Ernsts filed a motion for summary judgment seeking a determination that at least 28,000 cases of Pabst beer were sold and that the Ernsts were entitled to recover fifty cents per case up to a maximum of $14,000. The Ernsts also sought a ruling that a beverage sold under the label, "Olde English," was a Pabst product and should be included in tallying cases sold for purposes of computing damages under the contract. The extent of H & M's liability was raised again by H & M in a subsequent motion for summary judgment. In that motion, H & M

sought an order from the district court, holding as a matter of law, that recovery under the oral contract would be limited to Pabst beer products sold in case lots, thereby excluding beer sold in kegs, half-kegs and barrels. H & M also sought a ruling excluding Olde English, and other beverages, Maxx and Bohemian Club, from the products covered by the contract.

In a memorandum decision dated June 23, 1993, the district court granted partial summary judgment to H & M, holding that Maxx and Bohemian Club beers were not Pabst products and, therefore, were not covered by the parties' contract. The district court also granted partial summary judgment to the Ernsts, finding that Olde English was a Pabst product. The district court, however, further held that the definition of a "case" was relevant to the question of damages. Because the definition had yet to be established, the district court concluded that the evidence of what constituted a "case" would necessarily be offered at trial and denied summary judgment to H & M.

The trial on damages was held on July 27, 1993. The district court, sitting as the finder of fact, heard testimony and received documentary evidence regarding case sales of Pabst beer products to determine the contract damages owing to the Ernsts. The district court made findings of fact and conclusions of law and thereafter entered judgment for $4,083 in favor of the Ernsts. In an amended judgment, the district court also granted attorney fees and costs to the Ernsts. H & M timely appealed from the amended judgment.

## ISSUES ON APPEAL

H & M claims error in nearly all of the district court's rulings on motions filed by both parties after the remittitur from the first appeal and before the new trial on damages. H & M contends that the district court should have granted its motion for leave to amend its pleadings. H & M indiscriminately challenges five of the pre-trial motion rulings, including rulings that were not adverse to H & M and which merely allowed the matter to proceed to trial. H & M contends that the district court unfairly

assisted the Ernsts in the summary judgment proceedings by suggesting that the Ernsts attempt to establish that a "case" was a term of art in the industry. With respect to the new trial, H & M claims that the district court erred in admitting exhibits which allegedly had not been produced in discovery, in making findings of fact that were unsupported by the evidence, and in awarding attorney fees as a sanction against H & M. We will address each of the issues in turn.

## DISCUSSION

### A. MOTION TO AMEND PLEADINGS

Following the original trial resulting in a determination that H & M was liable on the oral contract, H & M filed a motion for leave to amend its pleadings. The district court denied the motion on the grounds that it was untimely filed and that it would cause confusion, delay and prejudice because the sole issue remaining to be tried was the amount of damages. H & M claims that the district court erred in denying the motion to amend.

Review of a motion to amend pleadings is governed by an abuse of discretion standard. I.R.C.P. 15(a); *Black Canyon Racquetball Club Inc. v. Idaho First Nat'l Bank,* 119 Idaho 171, 804 P.2d 900 (1991). The order denying H & M's motion does not disclose the precise nature of the proposed amendment. Neither H & M's motion, nor the transcript of the hearing on the motion, was made a part of the record on appeal. Although at oral argument counsel attempted to compensate for the absence from the record of any description of the amendment sought, those efforts are insufficient to advise this Court of the claims raised in the motion. No subsequent motion to augment the appellate record was ever filed by H & M after oral argument. An appellant bears the burden of establishing a record and presenting it on appeal to substantiate claims or contentions before the appellate court. *Rutter v. McLaughlin,* 101 Idaho 292, 612 P.2d 135 (1980). Therefore, we hold that H & M has failed to demonstrate that the district court abused its discretion in denying the motion to amend.

## B. PRE–TRIAL MOTIONS

 H & M raises several issues concerning the proceedings which resulted in the damage award to the Ernsts. Some of H & M's arguments relate to the district court's denial of its summary judgment motions, particularly the district court's ruling that the definition of a "case" constituted a genuine issue of material fact to be resolved at the trial on damages. We have previously held, however, that an order denying a motion for summary judgment is nonappealable *per se* and not reviewable. *Keeler v. Keeler*, 124 Idaho 407, 410, 860 P.2d 23, 26 (Ct.App. 1994). Therefore, we decline to review the trial court's orders denying H & M's summary judgment motions. Any legal rulings made by the trial court affecting the final judgment, however, are proper for review in this appeal. *See id.*

H & M first argues that the district court misapplied the law in holding that H & M was not entitled to judgment as a matter of law on the basis of the release between the Ernsts and Hemenway. H & M also argues that the district court should have allowed H & M to raise the release as a defense to its liability to the Ernsts.

 The jury's finding of liability at the first trial in this case was not disturbed by this Court's affirmance of the order granting a new trial on damages. As a result, relitigation of the liability question is barred, albeit not under *res judicata* principles, as the Ernsts suggest. *Res judicata* is applicable where there has been an earlier, completed case involving the same parties and related claims, which cannot be revisited in the new, subsequent action. *Aldape v. Akins*, 105 Idaho 254, 668 P.2d 130 (Ct.App.1983). Here, the action is a continuation of the same litigation, so the "law of the case" applies. Issues related to the release as a defense to H & M's liability were raised and disposed of in the earlier appeal and, under the "law of the case" principle, were not subject to reconsideration by the district court on the remand for a new trial on damages. *Capps v. Wood*, 117 Idaho 614, 618, 790 P.2d 395, 399 (Ct.App.1990).

 Because the judgment for damages entered after the new trial included a setoff in the amount paid pursuant to the release negotiated by Hemenway, we hold that the district court did not err in giving effect to the release. The district court was correct in crediting H & M with the settlement amount pursuant to the language of the release. We also conclude that, to the extent H & M raises an issue with respect to limiting its liability to cases sold between December 1983 and April 1985, this issue was also ultimately resolved in H & M's favor and thus, cannot be a basis for reversal on appeal.

 Next H & M asserts that the district court improperly assisted the Ernsts by suggesting that they seek to establish a definition of "case" as a term of art. H & M contends that the Ernsts had their opportunity at the first trial to argue to the jury that a "case" was not limited to beer cans and bottles in case lots, but represented a volume measure of beer regardless of its packaging. As a result, H & M insists that it was error for the district court to introduce the issue at the new trial on damages.

On May 3, 1993, the parties' argued their respective summary judgment motions. H & M's motion sought a judgment holding that the sum of fifty cents per case of beer be awarded only for Pabst beer products sold in case lots with no right of recovery for beer sold in kegs, barrels, or other packaging arrangements. In its memorandum opinion, the district court stated:

> Plaintiff argues [in opposition to H & M's motion] that the contract provision of "fifty cents per case sold" was a term of art used in this case as a form of measurement of the amount of beer sold and that it was the intent of the parties that all beer sold whether in cans, bottles, kegs, etc., under the franchise agreement was to be converted to a standard measure of a case, defined as being 24 bottles or cans containing 12 ozs. each.

The district court concluded that the jury at the first trial heard no evidence defining a "case" and did not address the issue. Accordingly, there existed a genuine issue of

fact pertinent to the issue of damages to be resolved in the new trial.

In this appeal, H & M points to no comments in the record where the district court implanted, to the advantage of the Ernsts, the idea that a "case" was a term of art. Any questions posed by the district court sitting as the fact finder, for clarification of testimony on this issue, were within the district court's discretion. I.R.E. 614. Furthermore, this claim of error, which is unsupported by argument or authority, is insufficient to merit appellate review. *Murray v. Farmers Ins. Co.*, 118 Idaho 224, 796 P.2d 101 (1990); *Berning v. Drumwright*, 122 Idaho 203, 832 P.2d 1138 (Ct.App.1992).

 The district court determined that the contract provided for "fifty cents per case sold" and made no reference to beer sold in kegs, half-kegs or barrels. The district court found that no evidence was presented at the first trial to quantify "case" but inferred that "case" was being used as a term of art. The district court concluded that the intended meaning of "case" was a triable question of fact, thereby precluding summary judgment. Upon our review of the record in existence at the time of the summary judgment argument, we are unable to determine whether the parties contemplated "case" to encompass case equivalents of beer sold in kegs, half-kegs or barrels. We concur in the district court's conclusion that the determination of a "case" was an unresolved question of fact to be decided in the trial on damages.

 Lastly, H & M argues that Olde English is not a beer, was not part of the franchise distribution agreement for Pabst beer and therefore not transferred by Hemenway to H & M. Accordingly, H & M attacks the district court's order granting partial summary judgment to the Ernsts.

In reviewing a lower court's decision on summary judgment, the standard of review is whether there are any genuine issues of material fact and, if not, whether the prevailing party is entitled to judgment as a matter of law. *Mitchell v. Siqueiros*, 99 Idaho 396, 582 P.2d 1074 (1978); *Wells v. United States Life Ins. Co.*, 119 Idaho 160, 804 P.2d 333 (Ct. App.1991). Summary judgment is appropri-

ate only when there is no genuine issue of material fact after the pleadings, depositions, admissions and affidavits have been construed most favorably to the opposing party. *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982). Where a party is entitled to judgment as a matter of law after all facts and favorable inferences are drawn in favor of the opposing party, summary judgment is proper. *Myers v. A.O. Smith Harvestore Products, Inc.*, 114 Idaho 432, 757 P.2d 695 (Ct.App.1988).

The Ernsts' motion for summary judgment sought a ruling that Olde English was covered under the Pabst franchise and should be included in tallying cases sold for purposes of computing damages under the parties' contract. The Ernsts submitted a supporting affidavit. An amended affidavit was offered by the Ernsts on the day of the motion hearing. Upon H & M's objection, the district court rejected the amended affidavit as untimely. H & M filed no affidavits or other evidence in opposition to the motion. For H & M to successfully oppose a motion for summary judgment which is supported by a particularized affidavit, it may not rest upon bare allegations or general denials. I.R.C.P. 56(e); *McCoy v. Lyons*, 120 Idaho 765, 820 P.2d 360 (1991); *State ex rel. Dep't of Labor & Indus. Servs. v. Hill*, 118 Idaho 278, 796 P.2d 155 (Ct.App.1990).

The district court stated that the evidence was sufficient to find Olde English to be a Pabst product and that no evidence was presented by H & M that would exclude Olde English from the contract. The district court held, as a matter of law, that the contract fee was recoverable for cases of Olde English sold by H & M. Construing the evidence most favorably to the non-moving party, we conclude that H & M failed to establish that a genuine issue of material fact existed as to whether Olde English was a Pabst product subject to the parties' contract. We affirm the partial summary judgment in favor of the Ernsts.

## C. ADMISSION OF EXHIBITS

During the second trial, H & M objected to the admission of plaintiffs' Exhibits 1, 2, 3, 4, 5 and 7. H & M objected to Exhibit 5 on

relevancy grounds and on a lack of foundation for the alterations contained on the document. The latter objection was sustained, and Exhibit 5 was rejected. Over H & M's objections, Exhibit 4 was admitted, and Exhibit 1 was admitted for illustration purposes only. Exhibit 7 was admitted but later stricken. Exhibits 2 and 3, consisting of monthly final distribution depletion reports from Pabst to the wholesaler, Hemenway, were held to be relevant and were admitted. In addressing H & M's challenge that Exhibits 2 and 3 had not previously been produced in discovery, the district court conditionally admitted the two exhibits, stating:

> The court at this time is going to admit 2 and 3 with the proviso that when the opinion is written, the court will distinguish whether or not 2 or 3 are necessary to the court's decision. If they are not, the court will not consider them in entering the decision. If they are, the court will specifically so state so that [H & M's counsel] can preserve the record as to his objection on them not being produced.

On appeal, H & M claims that, with the possible exception of Exhibit 4, all of plaintiffs' exhibits should have been excluded. H & M asserts in a very generalized argument that the district court should consider only relevant evidence and is entrusted with enforcing the discovery process. Based on these contentions, we will focus our review on the admission of Exhibits 1, 2 and 3.

██ Under I.R.E. 401, evidence is relevant if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." We review the question of relevancy de novo. *State v. Raudebaugh*, 124 Idaho 758, 766, 864 P.2d 596, 604 (1993); *Lubcke v. Boise City et al.*, 124 Idaho 450, 860 P.2d 653 (1993).

██ Larry Ernst was the only witness called by the parties at the trial on damages. Ernst testified that he had prepared Exhibit 1 as a summary from his records of the total number of cases of beer sold between December 1983 and April 1985. The district court found the material to be relevant, but

allowed it only for illustrative purposes, not as an independent probative exhibit. Because the matter to be proved at trial centered on the number of cases of beer sold, the information contained in Exhibit 1 was clearly relevant. The district court did not err in admitting Exhibit 1 for illustrative purposes over H & M's objection.

██ Larry Ernst identified Exhibits 2 and 3 as monthly final distributor depletion reports sent to Hemenway from Pabst. H & M objected to the exhibits on relevance grounds, arguing that they were not distribution reports of Hemenway. Counsel for the Ernsts responded that the exhibits were in fact those of Hemenway, and the district court determined that they were relevant. We disagree, however, that Exhibits 2 and 3 are relevant in that they represent depletion reports prepared in December 1982, for the month of November 1982. Any sales shown thereon are outside of the time period within which case sales were to be considered in calculating damages. Thus, we conclude that Exhibits 2 and 3 were improperly admitted.

██ Nevertheless, we conclude the committed error is harmless. Any case sales made in November 1982, as shown on the exhibits, were not relied upon by the district court in its computation of case sales made between December 1983 and April 1985. We will not reverse a judgment where the result would have been the same had the error not been made. *See G & H Land & Cattle Co. v. Heitzman & Nelson, Inc.*, 102 Idaho 204, 628 P.2d 1038 (1981). *See also* I.R.C.P. 61. Having so held, we need not address whether Exhibits 2 and 3 were improperly admitted over the objection that they had not been previously produced in discovery.

## D. FINDINGS OF FACT

In its memorandum opinion after trial, the district court made its findings, including:

> 1) The term "case" of beer is a form [*sic*] of art. A case of beer is equal to 24 cans, each containing 12 ozs. In short, a case equals 288 oz. of beer. There are 6.7 cases in a ½ keg. In this case, all beer sold of the requisite brands was covered in the agreement calling for 0.50 per case, even

where the beer was measured in terms of kegs, or combinations of cans not equal to one case.

2) From December, 1983, through March, 1985, the time in question, defendant sold 12,166 cases of Pabst beer. Hence, plaintiff is entitled to damages in the sum of $6,083.

H & M challenges these findings as inadequate, because they contain no breakdown of kegs, barrels or packaged cases, and no separate total of cases of Olde English. H & M asserts that the district court failed to make findings as to credibility and failed to specify the exhibits relied upon and the computations used to arrive at its final figures. In addition, H & M argues that the findings are unsupported by the evidence.

■ The role of this Court in reviewing findings of fact is limited. We do not weigh the evidence, nor do we substitute our view of the facts for the view of the trial judge. *Angleton v. Angleton,* 84 Idaho 184, 198, 370 P.2d 788, 796 (1962); *Ortiz v. Dep't of Health & Welfare,* 113 Idaho 682, 683, 747 P.2d 91, 92 (Ct.App.1987). Findings will not be set aside if supported by competent and substantial evidence. *Burgess v. Salmon River Canal Co.,* 119 Idaho 299, 309, 805 P.2d 1223, 1233 (1991). Evidence is substantial if a reasonable trier of fact would accept and rely upon it in determining whether a disputed point of fact has been proven. *Ortiz,* 113 Idaho at 684, 747 P.2d at 93. Finally, the party challenging the findings has the burden of showing error, and this Court will review the evidence in the light most favorable to the prevailing party. *Rueth v. State,* 103 Idaho 74, 77, 644 P.2d 1333, 1336 (1982); *Martsch v. Nelson,* 109 Idaho 95, 100, 705 P.2d 1050, 1055 (Ct.App.1985). Applying these standards, we examine the evidence presented to the district court.

■ At the new trial, Larry Ernst testified that the oral contract was intended to compensate for beer sold, whether packaged in cases lots, kegs or barrels, up to 28,000 cases. He testified that a case of beer contained a standard 288 ounces and that converting kegs to a case equivalent was accomplished by using a 6.7 conversion factor. There was further testimony from Larry Ernst that 12,166 cases were sold between December 1983 and April 1985. As noted above, Ernst was the only witness called at the second trial, and his testimony is uncontroverted.

The record discloses that the 12,166 figure also appeared on Exhibit 7, which was admitted but later stricken on the grounds that the summary contained thereon had not been prepared by Ernst. Ernst's testimony, however, was allowed, and no motion was made by H & M to have it stricken once Exhibit 7 had been excluded. Accordingly, we conclude that there is sufficient evidence in the record, based on Larry Ernst's testimony, for the district court's findings.

## E. ATTORNEY FEES

■ H & M appealed from the amended judgment fixing the amount of the attorney fee award, the memorandum decision and findings dated November 4, 1993, and the district court's order denying H & M's motion to modify the November 4, 1993, decision. Of these three orders dealing with attorney fees, only the amended judgment has been included in the record on appeal. In challenging the award of fees, H & M argues that the district court must support its finding that the second trial was necessitated by H & M's failure to provide timely discovery in the original trial by specifying which discovery orders were not complied with. H & M further argues that the fee award was a sanction for activity in the first trial. Because the new trial was granted, H & M alleges that a sanction in the form of a fee award constitutes double punishment.

In the order granting the new trial, the district court gave its reasons:

[T]hat the defendant failed to produce documents that it was ordered to produce by court order regarding the sales amount.

The court finds that the jury verdict was based on the lack of evidence submitted regarding the number of case sales which the defendant was ordered to produce, therefore, the court finds that the defendants benefited by [their] disregard and disobedience of a court order.

When this Court upheld the order granting a new trial, the review of the denial of fees to H & M was deferred until completion of the new trial. *Ernst v. Hemenway and Moser Co., Inc.,* 120 Idaho at 950, 821 P.2d at 1005. The determination of the prevailing party, which had been the basis of H & M's request for fees, was also left to the district court following the new trial on damages. *Id.*

In its memorandum decision after the new trial, however, the district court did not award fees based on any entitlement of the Ernsts as prevailing party. Rather, the district court ordered that all attorney fees incurred subsequent to the remittitur on the first appeal be awarded as a sanction for H & M's failure to provide timely discovery. It is obvious from the record that H & M's non-compliance with discovery relates to the district court's order of March 8, 1988, on which the district court predicated the sanctions and to which we referred in our first opinion. We find H & M's claim of unawareness of the order to be without merit.

■ An award of fees imposed as a sanction for failure to comply with a court order is discretionary. I.R.C.P. 37(e). The burden is on the party disputing the award to show an abuse of discretion. *Anderson v. Ethington,* 103 Idaho 658, 651 P.2d 923 (1982). In our review of the record, including the augmented record on the appeal from the order granting a new trial, we cannot say that an abuse of discretion has been shown. We hold that the district court correctly perceived the issue as one of discretion, acted within the boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and reached its decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

## F. ATTORNEY FEES ON APPEAL

Because the Ernsts have prevailed in this appeal, they are entitled to an award of costs in an amount to be determined pursuant to I.A.R. 40. The Ernsts have requested an award of attorney fees, claiming that no reasonable appeal issues and no reasonable grounds to urge reversal of current law were contained in this appeal. H & M also seeks attorney fees in this appeal without particularizing the basis for its claim for fees as required by I.A.R. 35.

■ An award of fees on appeal may be granted pursuant to I.A.R. 41(a) and I.C. § 12–121. Such an award is appropriate when this Court is left with an abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979); *Sinclair & Company, Inc. v. Gurule,* 114 Idaho 362, 757 P.2d 225 (Ct.App.1988). H & M has failed on appeal to present any significant issue regarding a question of law. H & M has not shown that the findings of fact made by the district court were arguably unsupported by substantial evidence. H & M has not advanced any new legal standards or sought modification of existing ones. Instead, H & M has attempted to relitigate matters that were put to rest by the first appeal; complains of the admission of exhibits that plainly had no bearing on the judgment and whose admission therefore could not possibly constitute reversible error; raises as issues pretrial rulings that after trial were ultimately found in its favor; and disingenuously claims not to know what discovery order it had disobeyed and for which attorney fees were imposed as sanctions. Having reached these conclusions, we deem the appeal to be unreasonable and without foundation. We award attorney fees to the Ernsts, as well as costs pursuant to I.A.R. 40.

## CONCLUSION

We uphold the district court's denial of H & M's motion to amend its pleadings. We also uphold the district court's order granting summary judgment on the Ernsts' motion requesting a ruling that Olde English was a Pabst product and was covered by the parties' contract. We conclude, as did the district court, that the definition of a "case" was a genuine issue of material fact, an issue which was not interjected into the trial by any improper action of the district court. We also find that the district court properly

applied the amount paid pursuant to the release as a setoff against the judgment.

We hold that the errors raised by H & M with regard to the trial on damages do not merit reversal by this Court. Although we determined that Exhibits 2 and 3 were improperly admitted, we hold that their admission was harmless error. Further, because we conclude that the district court's findings are supported by the evidence, we affirm the judgment. We also affirm the award of attorney fees imposed as a sanction for discovery violations which necessitated the new trial. Finally, we award costs and attorney fees on appeal to the respondents, the Ernsts.

WALTERS, C.J., and LANSING, J., concur.