908 P.2d 572

NATIONSBANC MORTGAGE COR-
PORATION OF NEW YORK,
Plaintiff–Respondent,

v.

C. Drake CAZIER, Defendant–Appellant,

and

Lyn Cazier, Shanta Homes, Inc., John Does I through IX, Mc Intosh Management, Inc., John Does X through XIX, Defendants.

NATIONSBANC MORTGAGE COR-
PORATION OF NEW YORK,
Plaintiff–Respondent,

v.

C. Drake Cazier, Defendant,

and

Lyn CAZIER, Shanta Homes, Inc., John Does I through IX, Mc Intosh Management, Inc., John Does X through XIX, Defendant–Appellants.

Nos. 21438, 21512.

Court of Appeals of Idaho.

Nov. 27, 1995.

Petition for Review Denied Jan. 23, 1996.

C. Drake Cazier, Athol, pro se.

David A. Frazier, Coeur d'Alene, for all other appellants.

Holland & Hart, Boise, for respondent. Robert A. Faucher, argued.

PERRY, Judge.

This dispute centers on a one-acre parcel of land located in Athol, Idaho. Keycorp Mortgage, Inc.,[1] which was the successor beneficiary of a deed of trust and purchaser upon foreclosure of the deed of trust, brought suit to evict C. Drake Cazier and his family from the property. Keycorp was awarded summary judgment on its claims of ejectment, trespass and quiet title, with damages for trespass to be determined at trial. Caziers appealed from the order granting summary judgment to Keycorp and from the denial of C. Drake Cazier's motion for reconsideration of the summary judgment award. We affirm.

## I.

### FACTS AND PROCEDURE

In September 1987, James Yarbrough sold to Shanta Homes, Inc., a one-acre parcel, which was carved out of a larger twenty-acre parcel that Yarbrough was purchasing under an executory land contract. In conjunction with the warranty deed, Shanta Homes assumed Yarbrough's obligations as the grantor of the deed of trust securing the one-acre parcel. Yarbrough also assigned to Shanta Homes his purchaser's interest under the contract covering the remaining nineteen acres. C. Drake Cazier, the sole shareholder of Shanta Homes, and his family took possession of the property. Cazier operated Shanta Homes and Mc Intosh Management, Inc., from the residence located on the one-acre parcel. When Shanta Homes defaulted on its obligations under the deed of trust on the one-acre parcel, the trustee foreclosed. In the fall of 1990, the trustee conveyed the one-acre parcel to Keycorp by a deed on foreclosure.

From the date of the default in 1989, the Caziers continued to live on the property, paying nothing. Even after the foreclosure sale in 1990, the Caziers refused to surrender possession of the home located on the one-acre parcel. Keycorp, therefore, began unlawful detainer proceedings in the magistrate division of the district court, seeking to evict the Caziers from the property. At a court trial scheduled for March 13, 1993, the magistrate heard testimony, but continued the matter to May 13, 1993. At that time, the Caziers' counsel argued a motion to dismiss the matter, asserting that the unlawful detainer action had been transformed into an action to resolve questions of ownership and to quiet title to the property—issues which the magistrate lacked authority to decide. The magistrate concluded, based upon evidence presented by the parties, that an unlawful detainer action did not lie. The magistrate granted the motion to dismiss the unlawful detainer claim with prejudice. The magistrate also granted Keycorp's oral motion to amend its complaint to allege claims of ejectment, trespass and quiet title and for

---

1. By order, and over objection of the appellant, C. Drake Cazier, the Court of Appeals allowed substitution of Nationsbanc Mortgage Corporation of New York as respondent on appeal. Nationsbanc, formerly known as Keycorp Mortgage, Inc., was known as Goldome Realty Credit Corp. at the time of the foreclosure of the deed of trust. For convenience, the respondent will be referred to as Keycorp throughout this opinion.

an order transferring the case to the district court. An order, dated June 4, 1993, incorporated the magistrate's rulings on the Caziers' motion to dismiss and Keycorp's motion to amend the complaint and to transfer the case to the district court.

The Caziers, appearing pro se, filed separate answers to Keycorp's first amended complaint which had been filed in the district court. Thereafter, Keycorp filed a motion for summary judgment on all of its causes of action. The district court granted summary judgment to Keycorp, reserving the issue of trespass damages for trial. C. Drake Cazier moved for reconsideration of the district court's order. C. Drake Cazier then filed his own motion for summary judgment and dismissal, claiming that "the legal description [of the one-acre house lot] is flawed in that no such parcel of land can exist as described in the complaint." By order of June 14, 1994, the district court denied Cazier's motions for reconsideration and for summary judgment.

The district court entered a final judgment in favor of Keycorp on July 11, 1994. The district court held that Keycorp owned the one-acre lot on which the house was situated; that the boundaries of the one-acre lot were in accord with the survey conducted by Patrick Moore; that a writ of eviction was to issue; and that the Caziers, as trespassers, were liable for damages. From this judgment, the Caziers separately appeal.

## II.

## ANALYSIS

### A. Order Transferring Amended Complaint to the District Court

■ We consider first the Caziers' contention that it was error for the magistrate to transfer the case to the district court following the dismissal of the unlawful detainer claim. Because there was only one claim in the complaint before the magistrate, the Caziers assert that dismissal of the unlawful detainer claim effectively ended the case and the magistrate's jurisdiction over the dispute.

The magistrate issued an order entitled "Order Dismissing Claim, Granting Leave to File Amended Complaint, and Transferring Amended Complaint." In addition to the language contained in the order, the court minutes from the May 13, 1993, hearing further explained the magistrate's rationale. The magistrate found that the evidence showed that the Caziers were tenants at sufferance and not in a landlord-tenant relationship as required for an unlawful detainer action. The magistrate concluded that it had no authority to proceed further and dismissed the unlawful detainer claim. Upon the request of Keycorp, the magistrate then determined that it was appropriate to grant Keycorp's motion for leave to amend its complaint to assert claims of ejectment, trespass and quiet title and to transfer the case to the district court.

The decision to grant or deny a motion to amend a complaint is left to the sound discretion of the trial court. I.R.C.P. 15(a). In this case where the magistrate took testimony on Keycorp's claim, the record contained allegations which, if proven, would entitle Keycorp to the relief being claimed in the amended complaint. *See Black Canyon Racquetball v. Idaho First Nat'l Bank,* 119 Idaho 171, 178, 804 P.2d 900, 907 (1991), *quoting Bissett v. State,* 111 Idaho 865, 869, 727 P.2d 1293, 1296 (Ct.App.1986). Because the amended complaint conformed to the proof presented at trial, the magistrate acted within its discretion in allowing amendment. I.R.C.P. 15(b). The complaint, as amended, designated claims that could not be decided by the magistrate under I.C. § 1–2208. Thus, a determination that the action was beyond the authority of the magistrate required transfer of the action to the district court. I.R.C.P. 8(a)(2). Therefore, there was no error with regard to any of the actions taken by the magistrate.

### B. Summary Judgment

■ The Caziers maintain that the district court erred in granting summary judgment to Keycorp. They argue that the district court relied on a survey prepared by Keycorp's expert, Patrick Moore, which did not use the government monument, was not tied to any government survey and was not in accordance with the United States Govern-

ment Manual for Survey Instructions. The Caziers argue that Keycorp acquired no interest in the land by virtue of the foreclosure sale and deed because the legal description to the one-acre parcel in the deed of trust cannot be surveyed to correctly identify the perimeters of the house lot within the West ½ of the Northwest ¼ of Section 22, Township 53 North, Range 4 West, Boise Meridian.

■■■■ Our review of a summary judgment is limited to determining whether there exists a genuine issue of material fact and whether the prevailing party is entitled to judgment as a matter of law. *Anderson v. City of Pocatello,* 112 Idaho 176, 731 P.2d 171 (1986); *Gro–Mor, Inc. v. Butts,* 109 Idaho 1020, 712 P.2d 721 (Ct.App.1985). Summary judgment is proper if the pleadings, depositions and admissions on file, together with affidavits, have been considered in a light most favorable to the party opposing the motion and show that there is no genuine issue of fact. *Palmer v. Idaho Bank and Trust,* 100 Idaho 642, 603 P.2d 597 (1979).

The district court framed the question on summary judgment as whether a valid description existed or whether the description failed to describe the land to be located. The district court held as a matter of law that the description of the one-acre lot was ambiguous. The district court then applied rules of construction to the legal description and considered the intent of the parties. Finding that the description could be surveyed and that the house was situated on the land within the description, the district court granted summary judgment in favor of Keycorp.

■■■■ The fundamental principle underlying all of the rules of construction of deeds, as well as all other contractual instruments, is that the courts must seek and give effect to the intention of the parties. *Campbell v. Weisbrod,* 73 Idaho 82, 89, 245 P.2d 1052, 1059 (1952). If a deed is ambiguous, interpretation of the instrument is a matter of fact for the trier of fact. *Latham v. Garner,* 105 Idaho 854, 673 P.2d 1048 (1983). In interpreting and construing deeds, uncertainties should be treated as ambiguities subject to be cleared up by resort to intention of the parties as gathered from the deed, circum-

stances attending and leading up to its execution, subject matter and situation of the parties at that time. *Hogan v. Blakney,* 73 Idaho 274, 251 P.2d 209 (1952). The grantor's intent becomes a question of fact to be determined from the instrument itself and from all surrounding facts and circumstances. *Bumgarner v. Bumgarner,* 124 Idaho 629, 862 P.2d 321 (Ct.App.1993).

Keycorp supported its motion for summary judgment with excerpts of testimony from the transcript of the trial before the magistrate. Included therein was testimony from James Yarbrough, grantor of the one-acre parcel. Yarbrough indicated that he had hired a surveyor in 1982 for the purpose and with the intent to draft a legal description for the one-acre parcel which was to encompass the home being built on the property and an access to the road. In opposition to the summary judgment motion, the Caziers failed to submit any evidence disputing that the legal description was intended to describe the one-acre house lot which was subject to the deed of trust.

Keycorp also offered the testimony of its expert, Patrick Moore, to show that the legal description could be surveyed and the house located within the boundaries of the description. In opposition, the Caziers argued that the legal description was flawed because two possible monuments were on the ground which could have marked the point of beginning. The Caziers asserted that the choice of monuments could locate the house either in or out of the described parcel. Moore acknowledged the potential of two northwest corners of Section 22, but determined that the first and second calls in the legal description (referring to the Section 22 corner and the west boundary line) were not necessary to his survey drawing of the legal description of the one-acre parcel. Furthermore, Moore concluded that the legal description referred to a recorded subdivision of the adjoining Holiday Ranch Estates, whose pertinent monuments Moore readily located.

■■■■ When the moving party has met its initial burden on summary judgment of establishing the absence of a genuine issue of material fact, the non-moving party then has

the burden of producing evidence to create a genuine issue of material fact. *Thomson v. Idaho Insurance Agency, Inc.*, 126 Idaho 527, 530–31, 887 P.2d 1034, 1037–38 (1994). Because of a lack of evidence in support of the Caziers' arguments, the district court did not err in accepting the uncontroverted testimony of Keycorp's witness, Moore, asserting the viability of the legal description as the one-acre house lot.

■ It should be noted that although the Caziers did not file a cross motion for summary judgment, C. Drake Cazier filed a motion for summary judgment one month after the district court's award of summary judgment on Keycorp's motion. In his motion, Cazier attempted to reargue that the legal description conveyed nothing and was a nullity. The subsequent denial of Cazier's motion for summary judgment, though raised as an issue on appeal, was not an appealable order and not reviewable. *Ernst v. Hemenway and Moser Co., Inc.*, 126 Idaho 980, 895 P.2d 581 (Ct.App.1995), *citing Keeler v. Keeler*, 124 Idaho 407, 410, 860 P.2d 23, 26 (Ct.App. 1993). We affirm the order granting summary judgment in favor of Keycorp.

## C. Denial of Motion for Reconsideration

■ Attempting once again to further argue in opposition to Keycorp's motion for summary judgment, C. Drake Cazier moved the district court to reconsider its award of summary judgment. In support of his reconsideration motion, Cazier presented affidavits of two new witnesses, who were surveyors, to attack the correctness of the Moore survey. Cazier also argued for the first time that the Moore survey did not comply with the government manual, but offered no correct, independent survey.

The district court held that the witnesses qualified as experts to testify in the form of an opinion on questions of fact, but they could not give their opinions of law or make conclusory statements. The district court concluded that Cazier had presented no new evidence which created a genuine issue of material fact, and the district court denied the motion for reconsideration.

■ On a motion for reconsideration pursuant to I.R.C.P. 11(a)(2)(B), the trial court should take into account any new facts presented by the moving party that bear on the correctness of the interlocutory order. The burden is on the moving party to bring the trial court's attention to the new facts. *Coeur d'Alene Mining Co. v. First Nat'l Bank*, 118 Idaho 812, 823, 800 P.2d 1026, 1037 (1990). We concur in the district court's findings however that:

No matter how many surveys are conducted, there will still be two monuments from which the survey could begin and the second call will still be in the same location ... [I]f the government monument is used as a starting point, there is a discrepancy between the first and second monuments. Then the general rules of construction must be applied and the conclusion will be the same. Even if the government monument is used to commence the survey [as Cazier contends] C. Drake Cazier has not presented any evidence to dispute the fact that the house is still upon the real property. Thus, no matter how much argument there may be about the starting point and proper surveying methods, the final outcome remains the same, and C. Drake Cazier, the moving party here, has presented no evidence to alter that conclusion.

Therefore, we affirm the district court's denial of C. Drake Cazier's motion for reconsideration of the award of summary judgment.

## III.

## CONCLUSION

We hold that there was no error in the order transferring Keycorp's amended complaint to the district court following the magistrate's dismissal of the unlawful detainer claim. We affirm the order awarding summary judgment in favor of Keycorp as well as the order denying Cazier's motion for reconsideration of the summary judgment award.

We grant Keycorp's request for attorneys fees under I.C. § 12–120(3), on the basis of the language in the deed of trust providing for attorneys fees in any action purporting to affect the security of the deed of trust or the

rights of the beneficiary. The appellants, the Caziers, Shanta Homes and McIntosh, as tenants at sufferance, are therefor liable for attorney fees. Costs on appeal are also awarded to respondent, Keycorp.

WALTERS, C.J., and LANSING, J., concur.