913 P.2d 1193

**William M. PITZER, Plaintiff–Respondent,**

v.

**Donald R. & Carol SWENSON, husband and wife, Defendants–Appellants.**

**No. 21878.**

Court of Appeals of Idaho.

March 28, 1996.

James W. Atwood, Coeur d'Alene, for appellants.

Richard G. Whitehead, Coeur d'Alene, for respondent.

PERRY, Judge.

In this case, we are asked to review the district court's findings of fact and conclusions of law following a court trial. Because only two of the district court's three alternative legal theories for relief were challenged on appeal, we affirm the district court's award of damages on the unappealed theory.

## I.

### FACTS AND PROCEDURE

The parties in this case were involved in a contract regarding the sale and purchase of a

1977 Bayliner boat. Prior to advertising the boat for sale, the sellers, Donald R. and Carol Swenson, were aware of a hole in the deck of the boat. They placed plywood and carpeting over the hole. When the buyer, William M. Pitzer, expressed interest in purchasing the boat, he was allowed to inspect the boat, but was not informed of the hole in the deck. Pitzer inquired about access to the hull of the boat for further inspection. The Swensons informed him that no such access existed.

Pitzer purchased the boat for $24,500. Pitzer then discovered the hole in the deck. Through that hole, he was able to inspect the hull and found damage to the hull of the boat due to dry rot. Later investigation indicated that the damage was extensive. Repair of the boat cost $11,982.33. Pitzer brought this action to recover the costs of repair, claiming breach of warranty and fraud. Pitzer also alleged that the engines on the boat were not of the size advertised. The Swensons acknowledged that they were aware of the hole, but claimed that they were unaware of the dry rot. The Swensons further asserted that the hole did not offer access to the hull and their representations in that regard were not fraudulent. The Swensons admitted that the engines were smaller than they represented to Pitzer.

The district court found that the Swensons committed fraud in selling the boat without disclosing that the hole in the deck provided some opportunity to inspect the hull. The district court determined that the Swensons breached an express warranty regarding the size of the engines. The district court concluded, however, that Pitzer failed to prove any damages for the breach of the warranty concerning the engines and was therefore not entitled to relief on that claim. The district court also concluded that the Swensons' representations created both express and implied warranties regarding the seaworthiness of the boat and they were, therefore, liable for the cost of repairing the boat. The district court awarded damages to Pitzer in the sum of $11,982.33, the price of repairing the boat, as well as costs and attorney fees. The Swensons now appeal.

## II.

## ANALYSIS

The Swensons challenge certain findings of fact and conclusions of law by the district court. This Court will not set aside findings of fact of the district court if supported by competent and substantial evidence. Substantial evidence is that which a reasonable trier of fact would accept and rely upon in determining whether a point of fact has been proven. *Ernst v. Hemenway and Moser Co., Inc.*, 126 Idaho 980, 987, 895 P.2d 581, 588 (Ct.App.1995). The party challenging the findings has the burden of showing error, and this Court will review the evidence in the light most favorable to the prevailing party. *Id.* In reviewing the district court's decision on a question of law, we exercise free review. *J.R. Simplot Co. v. Chemetics Int'l, Inc.*, 126 Idaho 532, 534, 887 P.2d 1039, 1041 (1994); *Kawai Farms, Inc. v. Longstreet*, 121 Idaho 610, 613, 826 P.2d 1322, 1325 (1992); *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct.App.1989).

The Swensons appeal from the district court's factual finding No. 8 that the Swensons told Pitzer that the boat was in "good and seaworthy condition." The Swensons argue that no testimony was admitted at trial to support such a finding. They indicate that Donald Swenson testified that all responses regarding the condition of the boat were qualified by terms such as "to the best of my knowledge." They further contend that Pitzer never testified at trial that the Swensons specifically used the phrase "good and seaworthy condition."

The Swensons' answers to Pitzer's interrogatories and requests for admissions were admitted as plaintiff's exhibit twenty-one at trial. That document states in part:

> *REQUEST FOR ADMISSIONS NO. 1:* Admit that you represented the boat as being in good and seaworthy condition.
>
> *RESPONSE TO NO. 1:* We admit that we represented the boat as being in good and seaworthy condition.

Idaho Rule of Civil Procedure 36(b) governs requests for admissions and provides that: "[a]ny matter admitted under this rule is

conclusively established unless the court on motion permits withdrawal or amendment of the admission." Hence, the fact that the Swensons represented that the boat was in good and seaworthy condition was conclusively established in the court below. The district court properly relied upon the Swensons' admission as a basis for its finding of fact. Accordingly, we affirm the district court's factual finding regarding the Swensons' statement that the boat was in good and seaworthy condition.

■ The district court concluded:

1. Swensons' representation *that the boat was in good and seaworthy condition* was an express warranty. . . .

2. Swensons' representation *that the boat was in good and seaworthy condition* also gives rise to an implied warranty that the boat was fit for use as a boat. . . .

. . . .

6. Pitzer has established by clear and convincing evidence that Swensons knew of the hole in the v-berth step that would give access to the lower hull; that they failed to disclose the same to Pitzer when requested; that Pitzer rightly relied upon their negative representation; that an inspection of the lower hull area through the hole in the v-berth step would have placed Pitzer on notice concerning the dry rot; and as a proximate result Pitzer was required to repair the dry rot. *See Faw v. Greenwood,* 101 Idaho 387, 613 P.2d 1338 (1980).

The Swensons' arguments on appeal address only conclusion No. 1 regarding an express warranty and conclusion No. 6 regarding fraud. The Swensons do not, however, provide any argument or authority to rebut the district court's conclusion that they were also liable, under conclusion No. 2, for the breach of an implied warranty.

The review of a trial court's action is inappropriate when the action has not been listed as an issue on appeal and no argument or authority on the issue is contained in the brief on appeal. *Sun Valley Shopping Center, Inc. v. Idaho Power, Co.,* 119 Idaho 87, 93, 803 P.2d 993, 999 (1991). Further, where a judgment of the trial court is based upon alternative grounds, the fact that one of the grounds may be in error is of no consequence

and may be disregarded if the judgment can be sustained upon one of the other grounds. *MacLeod v. Reed,* 126 Idaho 669, 671, 889 P.2d 103, 105 (Ct.App.1995); *Leydet v. City of Mountain Home,* 119 Idaho 1041, 1045, 812 P.2d 755, 759 (Ct.App.1991).

Because the Swensons have failed to challenge the district court's conclusion that their representation resulted in an implied warranty, that conclusion of law must be upheld on appeal. In essence, the Swensons cannot prevail under any circumstance, for if they obtain a reversal on the issues appealed, the judgment based on the breach of an implied warranty would remain in effect. *See MacLeod,* 126 Idaho at 671, 889 P.2d at 105. Accordingly, we will inquire no further into the district court's conclusions regarding the claims of express warranty and fraud. We affirm the district court's conclusion that the Swensons created and breached an implied warranty of fitness for a particular use. We further affirm the district court's award of damages in the amount incurred in repairing the boat, as well as the award of costs and attorney fees.

Pitzer is the prevailing party in this appeal and is therefore entitled to an award of costs, to be determined under I.A.R. 40. Pitzer has also requested attorney fees. Idaho Code Section 12–120(1) provides for an award of reasonable attorney fees to the prevailing party when the relief prayed for is $25,000 or less. Pitzer specifically requested an award of $11,982.33 in his complaint. Accordingly, Pitzer is entitled to attorney fees on appeal.

### III.

### CONCLUSION

Because the Swensons admitted in response to a request for admission that they represented that the boat was in good and seaworthy condition, that factual finding by the district court must be upheld. The Swensons' arguments regarding the existence of an express warranty and fraud will not be addressed by this Court. We affirm the district court's conclusion that the Swensons created and breached an implied war-

ranty that the boat was suitable for use as a boat. Costs and attorney fees on appeal are awarded to respondent Pitzer.

WALTERS, C.J., concurs.

LANSING, J., concurs in result.