**Leo F. DERMOTA,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 88–3103.

United States Court of Appeals,
Eleventh Circuit.

March 8, 1990.

Stephen O. Parker, Jacksonville, Fla., for petitioner-appellant.

John E. Steele, Ronald T. Henry, Asst. U.S. Attys., Jacksonville, Fla., for respondent-appellee.

Before CLARK and EDMONDSON, Circuit Judges, and HILL, Senior Circuit Judge.

CLARK, Circuit Judge:

This is an appeal by Leo F. Dermota from the denial by the district court of his

motion, made pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence on the ground that it subjects him to multiple punishments for the same offense in violation of the double jeopardy clause.

## I. BACKGROUND

In May 1986, Dermota pleaded guilty to transporting or causing to be transported unregistered firearms in interstate commerce, in violation of 26 U.S.C. 5861(j), and possessing or causing to be possessed unregistered firearms, in violation of 26 U.S.C. 5861(d). The remaining eight counts of the indictment were dismissed. Appellant was sentenced to five years of imprisonment as to the transportation charge (Count V) and to a consecutive prison term of two years as to the possession charge (Count VI).

Appellant filed two separate motions for a reduction of sentence under Rule 35, Fed. R.Crim.P., both of which the district court denied. On September 2, 1987, appellant filed a section 2255 motion, alleging that the imposition of consecutive sentences violated his rights under the double jeopardy clause of the fifth amendment. The district court adopted the report and recommendation of the U.S. Magistrate and denied the motion.

The convictions arose out of events occurring in 1985. On November 2 of that year, Leslie Gray and appellant Dermota gave Robert Walsh and Jay Shaffer ten hand grenades that Gray and Shaffer had made, to transport from Gray's residence in Pennsylvania to Jacksonville, Florida to be sold. Between November 2 and November 3, 1985, Walsh and Shaffer transported the grenades to Florida. On November 3, they met with federal special agent McFarland and gave him the grenades in exchange for $1,100.[1] The firearms were not registered with the Bureau of Alcohol, Tobacco and Firearms. Gray and appellant subsequently met with McFarland in Pennsylvania, revealing that appellant and Gray had also made other hand grenades that were sold in September 1985 and that they could produce additional hand grenades to

sell to McFarland in the future. Thereafter, indictments were returned against the four men involved.

## II. DISCUSSION

Dermota contends that the possession and transportation of the grenades arose out of the same transaction and constitute a single offense, for which he impermissibly received consecutive sentences. He relies upon *United States v. McDaniel*, 550 F.2d 214 (5th Cir.1977), in which we held:

The trial court erred in imposing cumulative sentences of multiple convictions under the federal firearms statute. Defendant was convicted of possession of an unregistered firearm, in violation of § ·5861(d), possession of the same firearm with obliterated serial number, in violation of § 5861(h), and transportation of the same unregistered firearm in interstate commerce, in violation of § 5861(j).

*Id.* at 218. *McDaniel* does not control here because there the defendant was convicted at trial. Here, Dermota's convictions followed a plea agreement in exchange for which the government dismissed eight counts.

The government correctly contends that Dermota waived his right to raise a double jeopardy objection by pleading guilty to two separate offenses as a result of a plea agreement he entered into freely, voluntarily and accompanied by his attorney.

In *United States v. Allen*, 724 F.2d 1556 (11th Cir.1984), the defendant entered a guilty plea to two separate counts of transporting a stolen automobile in interstate commerce, among other charges. The district court informed defendant of the maximum possible penalty for each charge; in his petition for change of plea and later at his sentencing hearing, defendant acknowledged that he could receive maximum sentences, to run consecutively, on each count to which he pled guilty. In return for Allen's guilty plea, the government agreed to dismiss the thirteen remaining charges. Allen was sentenced to consecutive prison terms. No appeal was taken, and after the

---

1. There is no indication in the record that Dermota was in Florida during this time.

district court denied defendant's section 2255 petition, this Court held that defendant waived his right to assert a double jeopardy claim.

The Supreme Court's recent decision in *United States v. Broce*, —— U.S. ——, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), further supports our determination that a waiver occurred here. In *Broce*, defendants waived the right to assert a double jeopardy claim in a collateral attack upon the sentence imposed following the entry of guilty pleas on separate conspiracy charges. Defendants there sought to challenge the theory of the indictment and expand the record to show only one conspiracy existed; the Court held they waived that entitlement. Likewise, Dermota pleaded guilty to two counts of an indictment that, on its face, described separate offenses. Appellant now seeks to prove the transportation and possession constituted a single offense; he had the opportunity to raise his claim earlier and, instead, chose to enter a plea of guilty.

There are exceptions to the general rule that a plea of guilty and the ensuing conviction foreclose collateral attack, which the *Broce* Court noted. *See Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). Those cases dealt with constitutionally infirm proceedings, in which the government had no power to *prosecute* a second charge at all. *Broce*, 109 S.Ct. at 765–66. In the instant case, the government was unquestionably entitled to prosecute simultaneously for both the transportation and possession violations. *See Ball v. United States*, 470 U.S. 856, 859, 105 S.Ct. 1668, 1671, 84 L.Ed.2d 740 (1985) ("This Court has long acknowledged the Government's broad discretion to conduct criminal prosecutions, including its power to select the charges to be brought in a particular case."). Therefore, the *Blackledge/Menna* exception does not apply. *See also United States v. Pratt*, 657 F.2d 218 (8th Cir.1981) (distinguishing *Menna* ).

Finding that Dermota waived the right to assert a double jeopardy claim on his 2255 motion, we AFFIRM the judgment of sentence.

AFFIRMED.