889 P.2d 103

**Norman E. MacLEOD, Plaintiff–Appellant,**

v.

**Virginia REED, Defendant–Respondent.**

No. 21098.

Court of Appeals of Idaho.

Feb. 2, 1995.

Bruce R. Bacon, Twin Falls, for appellant.

Hogue, Speck & Aanestad, P.A., Ketchum, for respondent.   Terry G. Hogue argued.

PERRY, Judge.

In this case we are asked to decide whether a motion for summary judgment was properly granted in an action for fraud.  We conclude that it .was and affirm the order of the district court.  We further conclude that based on the nature of the proceedings below, this appeal was unwarranted under existing law, and we therefore assess costs and attorney fees against appellant's counsel under Idaho Appellate Rule 11.1.

Following a series of disputes involving the Reed Family Trust, Norman MacLeod filed an action against Virginia Reed alleging breach of a fiduciary duty and fraud.  Reed sought to dismiss the complaint based on a number of procedural grounds.  The district court, after considering evidence outside the pleadings, treated the motion as one for summary judgment and granted it in favor of Reed.  With respect to the breach of a fiduciary duty, the district court dismissed the claim under I.R.C.P. 12(b)(6), concluding that no fiduciary duty could be established based on the facts as pled by MacLeod.  As an alternative basis for dismissal, the district court found that even if a fiduciary duty could be established on the facts in the record, the applicable statute of limitation, I.C. § 5–224, had expired.  MacLeod has not appealed the district court's ruling on this claim.

As to the fraud claim, the district court initially found that the requirements of I.R.C.P. 9(b) had not been complied with, in that the fraud claim was not pled with specificity.  As an alternative basis to that ruling, the district court also found that the applicable statute of limitation for fraud, I.C. § 5–218, had expired.

MacLeod appeals the district court's granting of summary judgment, as it applies to his fraud claim.  In his brief to this Court, MacLeod frames the issue on appeal as:

Did the District Court err in ruling that the statute of limitations in an action for fraud had run, when the evidence showed that the appellant had knowledge that monies had been withdrawn, but had no knowledge of any off setting accounting reflecting the withdrawals' effect on distribution shares until the early part of

March, 1990, and in turn, filed his complaint based on fraud and breech [sic] of fiduciary duty within three (3) years of that date?

MacLeod did not, however, challenge the I.R.C.P. 9(b) dismissal in this appeal. At oral argument, MacLeod's counsel conceded that he had not raised any issue that would undermine the order for dismissal pursuant to Rule 9(b), and that it could independently be a basis for affirming the judgment below.

The review of a trial court's action is inappropriate when the action has not been listed as an issue on appeal and no argument or authority on the issue is contained in the brief on appeal. *Sun Valley Shopping Center., Inc. v. Idaho Power Co.*, 119 Idaho 87, 93, 803 P.2d 993, 999 (1991). Similarly, where a judgment of the trial court is based upon alternative grounds, the fact that one of the grounds may be in error is of no consequence and may be disregarded if the judgment can be sustained upon one of the other grounds. *Leydet v. City of Mountain Home*, 119 Idaho 1041, 1045, 812 P.2d 755, 759 (Ct. App.1991).

Even if MacLeod is correct in asserting that the district court erred by granting summary judgment based on the statute of limitation,[1] he does not address the dismissal based on I.R.C.P. 9(b). The dismissal based on Rule 9(b), however, is an independent, alternative basis upon which the district court granted summary judgment. Without any argument regarding this issue, we will not presume error by the district court. Because MacLeod makes no argument regarding this alternative basis, we must uphold the summary judgment on that ground. In essence, MacLeod cannot prevail under any circumstance, for if he obtains a reversal on the statute of limitation issue, the district court's granting of summary judgment pursuant to Rule 9(b) remains in effect. The order of the district court must therefore be affirmed.

Reed has asked this Court to award attorney fees on appeal under I.C. § 12–121 and I.R.C.P. 54(e), claiming that the appeal was brought "frivolously, unreasonably and without foundation." However, we note un-

der I.A.R. 11.1 an appellate court may, on its own motion, award fees against a party or the party's attorney involved in the appeal. The court may award fees under this rule if the court finds that the party or attorney failed, after reasonable inquiry, to submit the appeal based on a belief that it was "well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." In this case, by failing to appeal the I.R.C.P. 9(b) issue, MacLeod could not have prevailed under any circumstance, regardless of the merits of the statute of limitation argument. This, we believe, makes the appeal as presented unwarranted by existing law. It is the responsibility of the attorney, not the client, to recognize the legal basis upon which an order is granted and to properly evaluate whether there exists good faith grounds for an appeal. We conclude that any award of costs and attorney fees in this case should be borne by counsel rather than by MacLeod. Therefore we award costs and attorney fees to respondent Reed on this appeal. These costs and fees, however, are to be assessed against MacLeod's counsel.

We affirm the order of the district court granting summary judgment.

WALTERS, C.J., and LANSING, J., concur.

---

1. Our opinion should not be taken to mean, however, that we agree this assertion is correct.