901 P.2d 1344

**Jose REMINGTON, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 21539.**

Court of Appeals of Idaho.

Sept. 7, 1995.

Van G. Bishop, Canyon County Public Defender, Nampa, for appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Jose Remington pleaded guilty and was convicted of two counts of possession of cocaine with intent to deliver, I.C. § 37–2732(a)(1)(A). On at least one of these charges he was sentenced under I.C. § 37–2739B(b)(2), which provides a five-year minimum sentence for committing a violation of I.C. § 37–2732(a)(1)(A) within one thousand feet of a school zone. Remington subsequently filed an application for post-conviction relief, alleging that he received ineffective assistance of counsel in the criminal action. The district court summarily dismissed Remington's application. We conclude that the district court erred in summarily dismissing the application. Accordingly, we reverse the order of dismissal and remand the case for further proceedings.

## BACKGROUND

By his application for post-conviction relief, Remington sought to have his conviction set aside on the ground that his defense attorney had not rendered effective assistance. He alleged that the attorney had been deficient because he: did not move to suppress evidence which, according to Remington, was obtained through an unlawful arrest or unlawful search; did not adequately investigate the facts of the case; did not challenge the constitutionality of the minimum sentence statute applied in his case, I.C. § 37–2739B, or the statute's application to Remington's conduct; did not challenge the multiple charges against Remington on double jeopardy grounds; led Remington to plead guilty based upon inadequate legal advice; and did not file an appeal as requested by Remington.

The State filed an answer denying Remington's allegations and an affidavit of Remington's former defense attorney. In the affidavit, the attorney averred that he had thoroughly discussed with Remington all the rights to which Remington was entitled, the possible outcomes of a motion to suppress evidence, and the possibility that the statutes under which Remington was charged were unconstitutional; that he had fully investigated the facts of Remington's case and fully explained the plea bargain offered by the prosecutor and the rights that Remington would be waiving if he accepted the plea agreement; and that he informed Remington that a motion to suppress evidence would likely be denied.

After receiving the State's answer, the district court issued a notice pursuant to I.C. § 19–4906(b), stating an intent to dismiss Remington's application on the ground that issues raised by the application should have been presented on direct appeal from the judgment of conviction. In response to this notice, Remington filed an objection to the proposed dismissal prepared by his court-appointed attorney, a pro se brief and a supplemental affidavit.

The district court thereafter entered its order of dismissal. In so doing, the court did not rely upon the grounds stated in its notice of intent to dismiss—that the issues should

have been raised in direct appeal—but instead based the dismissal primarily upon the evidence presented by the defense attorney's affidavit.[1] On appeal, Remington contends that there existed factual issues which should not have been resolved by a summary dismissal.

## ANALYSIS

■ An action for post-conviction relief is an appropriate vehicle for a claim that a guilty plea and conviction should be set aside because the defendant did not receive effective assistance of counsel. *State v. Blackburn*, 99 Idaho 222, 579 P.2d 1205 (1978); *State v. Koch*, 116 Idaho 571, 573, 777 P.2d 1244, 1246 (Ct.App.1989). An applicant seeking relief for ineffective assistance must meet a two-pronged test. First, he must show that the attorney's representation did not meet objective standards of competence, i.e., that counsel's conduct did not fall "within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984); *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Second, the applicant must demonstrate that he was prejudiced by his attorney's deficient performance. *Strickland*, 466 U.S. at 691–96, 104 S.Ct. at 2066–69; *Aragon*, 114 Idaho at 760–61, 760 P.2d at 1176–77. In order to satisfy this "prejudice prong," a defendant convicted upon a guilty plea "must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

■ A post-conviction relief action is a proceeding that is civil in nature. *Paradis v.*

*State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969). An order for summary disposition of a post-conviction relief application under I.C. § 19–4906(c) is the procedural equivalent of summary judgment under I.R.C.P. 56. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994). Summary dismissal of a post-conviction application is appropriate only if there exists no genuine issue of material fact which, if resolved in the applicant's favor, would entitle him to the requested relief. If a genuine factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State*, 114 Idaho 145, 754 P.2d 458 (Ct.App.1988). Therefore, on review of a summary dismissal, we must examine the record to determine whether the trial court correctly found that there existed no genuine issue of material fact and that the State was entitled to judgment as a matter of law. *Hoover*, 114 Idaho at 146, 754 P.2d at 459. In making this assessment in post-conviction cases, as in review of summary judgments, we do not give evidentiary value to mere conclusory allegations that are unsupported by admissible evidence. *Paradis*, 110 Idaho at 536, 716 P.2d at 1308; *Dunlap v. State*, 126 Idaho 901, 894 P.2d 134 (Ct.App.1995); *Drapeau v. State*, 103 Idaho 612, 617, 651 P.2d 546, 551 (Ct.App.1982). *See also Bob Daniels and Sons v. Weaver*, 106 Idaho 535, 541, 681 P.2d 1010, 1016 (Ct.App.1984) (summary judgment); *Barlow's Inc. v. Bannock Cleaning Corp.*, 103 Idaho 310, 313–14, 647 P.2d 766, 769–70 (Ct.App.1982) (summary judgment).

■ Summary dismissal is appropriate where the record from the criminal action or

---

1. Both this Court and the Idaho Supreme Court have held it is improper for a trial court to summarily dismiss an application for post-conviction relief where the applicant has not been given proper notice of the grounds for the dismissal, either by a twenty-day notice from the court pursuant to I.C. § 19–4906(b), or by a motion from the State pursuant to I.C. § 19–4906(c). *Saykhamchone v. State*, 127 Idaho 319, 900 P.2d 795 (1995); *Banks v. State*, 123 Idaho

953, 855 P.2d 38 (1993); *Martinez v. State*, 126 Idaho 813, 892 P.2d 488 (Ct.App.1995); *Gibbs v. State*, 103 Idaho 758, 653 P.2d 813 (Ct.App. 1982). However, Remington does not complain on appeal that he was not given adequate notice of the basis for the court's dismissal. Therefore, we will not address the adequacy of the court's notice to Remington but, rather, will examine the grounds upon which the trial court relied for its dismissal order.

other evidence conclusively disproves essential elements of the applicant's claims. *Stuart v. State,* 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Cooper v. State,* 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975). *See also Dunlap v. State,* 126 Idaho at 906, 894 P.2d at 139 (police affidavit was sufficient to support issuance of search warrant, and defense attorney therefore was not deficient in failing to move to suppress evidence on ground that warrant was illegally issued); *Stone v. State,* 108 Idaho 822, 826, 702 P.2d 860, 864 (Ct.App.1985) (record of extradition proceedings disproved applicant's claim that he was denied right to counsel in those proceedings). In this respect, summary dismissal is analogous to summary judgment proceedings in an ordinary civil action, where the defendant may obtain summary judgment if the defendant disproves one or more essential elements of the plaintiff's cause of action. *See, e.g., Badell v. Beeks,* 115 Idaho 101, 102, 765 P.2d 126, 127 (1988).

■ Applying the foregoing standards, we conclude the district court erred in dismissing Remington's application in reliance upon the affidavit of Remington's former counsel, for the affidavit did not disprove Remington's claims or dispel all material factual issues. First, we note that the affidavit did not address in any way Remington's claim that the attorney refused to file an appeal despite Remington's request. The State concedes that the district court erred in summarily dismissing this claim. *See Ricca v. State,* 124 Idaho 894, 898, 865 P.2d 985, 989 (Ct.App. 1993); *Mata v. State,* 124 Idaho 588, 593, 861 P.2d 1253, 1258 (Ct.App.1993). Accordingly, the case must be remanded for resolution of this claim.

Although the State contends that the court properly dismissed Remington's remaining claims based upon the affidavit of his former attorney, we cannot agree, for none of Remington's claims were disproved by the affidavit. The attorney's affidavit stated in very general terms that the attorney had discussed with Remington the possible outcomes of a motion to suppress evidence; that

he discussed with Remington the possibility that the statutes under which he was charged were unconstitutional in part; that he investigated the facts of the case, including the preliminary hearing transcript, police reports and witness statements; that he explained the prosecuting attorney's offer regarding a plea agreement; and that Remington was fully informed as to the rights he would waive by entering a guilty plea. The affidavit further stated that, based upon the facts of the case and testimony adduced at the preliminary hearing, it was the opinion of the attorney that a motion to suppress evidence would have been denied. The attorney's affidavit gave no information, however, from which it could be determined whether the attorney's opinions and his advice to Remington were sound and competent or were ill-conceived and erroneous. The affidavit did not state what facts led the attorney to conclude that a suppression motion would have been unsuccessful, nor was there submitted with the affidavit a transcript of the preliminary hearing or other records upon which the attorney relied in deciding against such a motion. The affidavit did not say why the attorney failed to pursue a defense that the statutes under which Remington was prosecuted were unconstitutional, even though he advised his client that they might be at least partially unconstitutional. In short, the affidavit presented conclusory assertions as to the attorney's opinions and advice, but no evidentiary facts addressing the central issue—whether the attorney's advice met objective standards of competence.

■ Just as conclusory statements by the applicant are insufficient to *prevent* summary dismissal, see *Roman v. State,* 125 Idaho 644, 873 P.2d 898 (Ct.App.1994); *Baruth v. Gardner,* 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986); *Drapeau v. State,* 103 Idaho at 617, 651 P.2d at 551, we hold that mere conclusory assertions of the State's witnesses, unsupported by evidentiary facts, are insufficient to *support* summary dismissal. On the record presented it is impossible to determine whether the attorney's advice to Remington was "within the wide range of

reasonable professional assistance." Consequently, summary dismissal of Remington's application, based solely on the testimony in his former attorney's affidavit, was error.

 The State argues that some of the claims of ineffective assistance presented in Remington's application are supported only by his own conclusory allegations and not by any admissible evidence, so the dismissal of those claims should be affirmed on that basis. As noted above, an application for post-conviction relief is subject to summary dismissal if the applicant has not tendered a factual showing, based upon evidence that would be admissible at an evidentiary hearing, to support his claims for relief. *Paradis,* 110 Idaho at 536, 716 P.2d at 1308; *Drapeau,* 103 Idaho at 617, 651 P.2d at 551. We are unable, however, to address the merits of the State's argument regarding the sufficiency of Remington's evidence because this issue was not raised below. Remington was not given notice of such potential ground for dismissal by either the district court or the State. Had he received such notice, he might have been able to respond with supplemental evidence to support his claims. *See*

*Saykhamchone v. State; Martinez v. State.* Accordingly, we adhere to the principle that we will not address issues presented for the first time on appeal. *See Baldner v. Bennett's, Inc.,* 103 Idaho 458, 460, 649 P.2d 1214, 1216 (1982); *Christensen v. Idaho Land Developers, Inc.,* 104 Idaho 458, 460, 660 P.2d 70, 72 (Ct.App.1983).

Having found that Remington's application for post-conviction relief was improperly dismissed, we reverse the order of dismissal and remand the case for further proceedings.

WALTERS, C.J., and PERRY, J., concur.