904 P.2d 578

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ben G. ARMSTRONG, Defendant–Appellant.**

**No. 21619.**

Court of Appeals of Idaho.

Oct. 26, 1995.

Edgar R. Frachiseur, Elmore County Public Defender, Mountain Home, for appellant.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General, Boise, for respondent. Michael A. Henderson argued.

PERRY, Judge.

This is an appeal from the denial of Ben Armstrong's I.C.R. 35 motion seeking relief from his sentences for possession of more than three ounces of marijuana, I.C. § 37–2732(e), and possession of a controlled substance without a drug tax stamp, I.C. § 63–4201. Armstrong claims that his sentence and the penalties for the drug tax stamp offense violate double jeopardy protections against multiple punishment for the same offense and, thus, should have been vacated by the district court in ruling on the Rule 35 motion. We affirm the order of the district court denying the motion.

## I.

### FACTS

In a single prosecution, Armstrong pled guilty to one count of possession of more than three ounces of marijuana and one count of possession of a controlled substance without a drug tax stamp. The plea resulted from negotiations between Armstrong's counsel and the prosecutor, pursuant to I.C.R. 11. The written plea agreement, executed by Armstrong and both counsel, provided for a sentence of two to five years on the possession charge and a consecutive, indeterminate term of two years on the drug tax stamp charge, for a total sentence of two to seven years' incarceration, plus tax penalties prescribed by I.C. § 63–4204. The district court accepted Armstrong's guilty plea and set the matter for sentencing. After considering the presentence investigation report, the district court agreed to be bound by the terms of the parties' Rule 11 plea agreement.

Armstrong was sentenced to a unified sentence of two years' minimum confinement, five years' indeterminate and a consecutive sentence of two years' indeterminate, for a total of not less than two nor more than seven years. In addition, he was required to pay all tax liabilities, including penalties imposed pursuant to I.C. § 63–4201, and to reimburse Elmore County for the costs of public defender services. Armstrong, therefore, received the agreed upon sentence that had been jointly stipulated to by the parties in the plea agreement.

Eleven months following the entry of the judgment, Armstrong filed a pro se Rule 35 motion which he entitled "Motion to Vacate Sentence." Armstrong contended in his motion that his sentence, including the tax penalties, on the drug tax stamp violation offended double jeopardy principles. He asserted that he had been twice punished for the same offense, arguing that the elements required to prove possession of marijuana are contained within the elements required to prove the offense of possession of a controlled substance without a drug tax stamp. Armstrong also argued that possession of marijuana was a lesser included offense of possession of a controlled substance without a drug tax stamp. He requested, however, that the district court vacate the sentence and tax penalties stemming from his conviction for the alleged greater offense of possession of a controlled substance without a drug tax stamp.

Construing Armstrong's motion to vacate sentence as a request to correct an illegal sentence, the district court decided the motion on the parties' briefs, without oral argument. The district court concluded that Armstrong's convictions on both charges did not constitute the same offense for purposes of double jeopardy. The district court issued its memorandum decision denying the relief that Armstrong had requested. Armstrong appealed, claiming only that the district court abused its discretion in denying his Rule 35 motion on double jeopardy grounds.

## II.

### ANALYSIS

We begin by examining the preliminary question raised by the state as to whether a defendant who has entered a guilty plea to a criminal charge may assert a double jeopardy claim for the first time in a Rule 35 motion. Citing *Dermota v. United States*, 895 F.2d 1324 (11th Cir.1990), *cert. denied*, 498 U.S. 837, 111 S.Ct. 107, 112 L.Ed.2d 78 (1990) and *Novaton v. State*, 634 So.2d 607 (Fla.1994), decided subsequent to *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), the state argues that Armstrong's guilty plea to the two separate charges constituted a waiver of his double jeopardy claim.

In *Broce*, the defendants pled guilty, pursuant to a plea agreement, to two indictments charging separate conspiracies to rig bids and were sentenced on both counts. Defendants then filed a motion pursuant to Fed.R.Civ.P. 35 to vacate their sentences, arguing that the alleged schemes were but a single conspiracy. The district court denied the motion. On certiorari, the United States Supreme Court affirmed, holding that the defendants' double jeopardy challenge was foreclosed by the guilty pleas and the judgments of conviction on the pleas. *Id.* at 571, 109 S.Ct. at 763. As the Court explained:

[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative, then the conviction and the plea, as a general rule, foreclose collateral attack. There are exceptions, [however,] where, on the face of the record, the court had no power to enter the conviction or impose the sentence, [*See Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), but] we find them inapplicable. The general rule applies here to bar the double jeopardy claim.

*Id.* at 569, 109 S.Ct. at 762.

Noting the exceptions, mentioned in *Broce*, to the general rule that a plea of guilty and the ensuing conviction foreclose collateral attack, in *Dermota* the circuit court also determined that the exceptions did not apply. *Dermota*, 895 F.2d at 1326. The court held in that case that the government was entitled to prosecute Dermota simultaneously for both the transportation and possession of firearms violations and that Dermota had waived his right to raise a double jeopardy objection by pleading guilty pursuant to a plea agreement entered into freely, voluntarily and accompanied by his attorney. *Dermota*, 895 F.2d at 1325.

The Florida Supreme Court, subsequent to the decision in *Broce*, further articulated the exceptions which allow a double jeopardy attack on a conviction and sentence after a

defendant has pled guilty and a conviction has been entered:

> There is an exception to this general rule when (a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation.

*Novaton v. State,* 634 So.2d 607, 609 (Fla. 1994). The Florida court held that because Novaton entered into a bargained plea with the state, he had waived any double jeopardy claim.

As in *Novaton,* Armstrong entered into a plea bargain agreement with the state, wherein the parties agreed to the individual sentences of a term less than the maximum prescribed term for each offense. The parties also agreed to the consecutive nature of the sentences, for a total of not less than two nor more than seven years' incarceration. Without the plea agreement, the state would have been free to request a longer minimum term of incarceration. The state thus made concessions which Armstrong voluntarily accepted as the benefit of his bargain. When the district court accepted Armstrong's plea, it bound itself by the written plea agreement. Armstrong then received the sentences that were set forth in the agreement. He should not be allowed to retain the benefits of the agreement while raising double jeopardy as a bar to fulfillment of his obligations under the agreement. *See id.* at 608.

Therefore, following the rationale advanced by the *Novaton* Court, we find that because Armstrong entered into a bargained plea with the state, wherein the state made concessions and Armstrong retained benefits, he waived any double jeopardy claim that might affect his convictions under said agreement.

We conclude that Armstrong's bargained guilty plea to the two offenses, possession of more than three ounces of marijuana and possession of a controlled substance without a drug tax stamp, foreclosed his opportunity to raise any double jeopardy claim to the resulting convictions or sentences. Accordingly, we affirm the district court's order denying Armstrong relief on his Rule 35 motion.

WALTERS, C.J., and LANSING, J., concur.