966 P.2d 49

Ronald Keith HENMAN, Petitioner–
Appellant,

v.

STATE of Idaho, Respondent.

No. 23042.

Court of Appeals of Idaho.

Aug. 13, 1998.

Review Denied Oct. 29, 1998.

Ellsworth, Kallas, P.L.L.C., Boise, for appellant. Joseph L. Ellsworth argued.

Hon. Alan G. Lance, Attorney General; Michaelina B. Murphy, Deputy Attorney General, Boise, for respondent. Michaelina B. Murphy argued.

PERRY, Judge.

Ronald Keith Henman appeals from the district court's order summarily dismissing his application for post-conviction relief. On appeal, Henman asserts that he was placed in jeopardy when the Idaho State Tax Commission issued a notice of jeopardy assessment pursuant to Idaho's Illegal Drug Tax Act and seized his personal property. Henman contends that because he was placed in jeopardy, his criminal conviction for trafficking in cocaine constitutes a second punishment in violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and Article I, Section 13 of the Idaho Constitution. Henman also challenges the constitutionality of Idaho's Illegal Drug Tax Act. For the reasons set forth below, we affirm.

The background was explained in an unpublished opinion of this Court following Henman's direct appeal as follows:

Ronald Keith Henman was charged with three offenses involving controlled substances: Count I, trafficking in cocaine, I.C. § 37–2732B(a)(2); Count II, failure to affix a tax stamp, I.C. §§ 63–4202, –4204, –4205; and Count III, trafficking in a precursor (ephedrine) of methamphetamine, I.C. § 37–2732B(a)(4). Pursuant to a plea agreement under Rule 11, I.C.R., [on May 12, 1994,] Henman pled guilty to Count I and the State dismissed Counts II and III. The plea agreement, which was later reduced to writing, also limited the State in its sentencing recommendation to ten years with a four-year minimum period of confinement; allowed Henman to withdraw his guilty plea if the district court did not accept the plea agreement; provided that Henman would pay a fine in an amount not yet specified; permitted Henman to request a three-year minimum sentence; and reserved to Henman "the right to appeal the mandatory trafficking sentence." ....
The court subsequently imposed a unified sentence of ten years, with two and one-half years as a minimum period of confinement, and fined Henman $10,000.

*State v. Henman,* Docket No. 21551 (Ct.App. June 26, 1995) (footnote omitted). On direct appeal, Henman contended the district court abused its discretion in denying Henman's motion to withdraw his guilty plea. Henman also challenged his sentence. This Court held that the district court did not abuse its discretion in either regard and affirmed Henman's judgment of conviction and sentence. *Id.*

Henman filed an application for post-conviction relief and submitted a brief in support thereof. The district court issued a notice of intent to dismiss and ultimately dismissed Henman's application on two alternative grounds. On ground one, the district court ruled that Henman had not been placed in jeopardy and that Henman had not suffered punishment pursuant to Idaho's Illegal Drug Tax Act. On ground two, the district court independently and alternatively ruled that under *State v. Armstrong,* 127 Idaho 666,

668, 904 P.2d 578, 580 (Ct.App.1995),[1] because Henman entered into a negotiated plea agreement with the state, without reserving his right to challenge the district court's ruling, he was barred from raising his double jeopardy claim.

■ In his initial appellate brief, Henman challenges the district court's ruling that jeopardy did not attach and that Henman was not subjected to punishment from the imposition of the drug tax.[2] The state asserts in its respondent's brief, however, that Henman failed to challenge the district court's independent, alternative basis for dismissal under *Armstrong*.

This Court recently stated:

The review of a trial court's action is inappropriate when the action has not been listed as an issue on appeal and no argument or authority on the issue is contained in the brief on appeal. Similarly, where a judgment of the trial court is based upon alternative grounds, the fact that one of the grounds may be in error is of no consequence and may be disregarded if the judgment can be sustained upon one of the other grounds.

*MacLeod v. Reed*, 126 Idaho 669, 671, 889 P.2d 103, 105 (Ct.App.1995) (citation omitted). *See also Fischer v. Fischer*, 92 Idaho 379, 382, 443 P.2d 463, 466 (1968) ("[T]his court must uphold the finding and judgment of the trial court if it is capable of being upheld on any theory."); *State v. Goodwin*, 131 Idaho 364, 956 P.2d 1311 (Ct.App.1998). Thus, regardless of Henman's double jeopardy challenge, Henman failed to raise an issue concerning the district court's independent, alternative basis for dismissal under *Arm-*

strong. Without argument or authority regarding this issue, we will not presume error and must uphold the district court's summary dismissal on this alternative ground.[3]

■ Henman argued in his reply brief and at oral argument that because the state "raises" the *Armstrong* bar in its respondent's brief, Henman is entitled to respond to it. Henman goes on to then assert that *Armstrong* is inapplicable because he received ineffective assistance of counsel in entering his plea.

■ A reviewing court looks to the initial brief on appeal for the issues presented on appeal. *Hernandez v. State*, 127 Idaho 685, 687, 905 P.2d 86, 88 (1995); *State v. Raudebaugh*, 124 Idaho 758, 763, 864 P.2d 596, 601 (1993). Issues raised for the first time in a reply brief will not be addressed on appeal. *Hernandez*, 127 Idaho at 687, 905 P.2d at 88; *Raudebaugh*, 124 Idaho at 763, 864 P.2d at 601.

■ The state urges this Court to uphold the district court on its independent, alternative basis for dismissal below under *Armstrong* and asserts that Henman failed to raise on appeal any issue challenging the district court's disposition under *Armstrong*. The state's briefing on this procedural defect does not remedy Henman's failure to raise this as an issue in his initial brief. Stated another way, Henman is not entitled to bootstrap his ineffective assistance of counsel claim, which he failed to raise in his opening brief, based upon the state's assertion in its respondent's brief that Henman failed to raise this as an issue on appeal. We also note that, assuming the state had failed to brief this procedural bar, this Court would

---

1. In *Armstrong*, this Court stated that the defendant "should not be allowed to retain the benefits of the plea agreement while raising double jeopardy as a bar to fulfillment of his obligations under the agreement." *Armstrong*, 127 Idaho at 668, 904 P.2d at 580. This Court then held that because "Armstrong entered into a bargained plea with the state, wherein the state made concessions and Armstrong retained benefits, he waived any double jeopardy claim that might affect his convictions under said agreement." *Id. See also United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989).

2. Henman also attacks the constitutionality of Idaho's Illegal Drug Tax Act. This issue, however, is being raised for first time on appeal. Issues which are raised for the first time on appeal will not be considered. *McCoy v. State*, 129 Idaho 70, 74, 921 P.2d 1194, 1198 (1996); *Bell v. State*, 128 Idaho 62, 64, 910 P.2d 176, 178 (Ct. App.1996). Accordingly, we will not address Henman's challenge to the constitutionality of Idaho's Illegal Drug Tax Act.

3. Based on our resolution of this case, we need not address the state's other procedural challenge under *Sabin v. State*, 129 Idaho 257, 923 P.2d 502 (Ct.App.1996).

not have been precluded from affirming the district court's order on this independent, alternative ground. *See Fischer,* 92 Idaho at 382, 443 P.2d at 466; *MacLeod,* 126 Idaho at 671, 889 P.2d at 105.

▮ Henman also seeks refuge under I.A.R. 35 which provides that an appellant's statement of issues will be deemed to include every subsidiary issue fairly comprised therein. On review of Henman's issues listed in his initial appellant's brief, we conclude that the district court's disposition under *Armstrong* is not a subsidiary issue fairly comprised therein. Henman further claims that the "district court's alternative basis for dismissal was superfluous; the district court didn't even provide Henman with a hearing to determine if his plea was 'counseled' within the meaning of the law." The district court's basis for disposition under *Armstrong* was not superfluous; rather, it was an independent, alternative basis which disposed of Henman's application for post-conviction relief. In addition, Henman's contention that his plea was not "counseled within the meaning of the law" is precisely the type of issue the appellant must raise in the appellant's opening brief or this Court will not address it. *See Hernandez,* 127 Idaho at 687, 905 P.2d at 88; *Raudebaugh,* 124 Idaho at 763, 864 P.2d at 601.

For the reasons set forth above, we affirm the district court's order summarily dismissing Henman's application for post-conviction relief.

SWANSTROM, J. Pro Tem, concurs.

LANSING, Chief Judge, dissenting.

In this appeal Ronald Keith Henman has raised a significant question as to whether he received ineffective assistance of counsel when his appointed attorney failed to raise a double jeopardy defense to Henman's prosecution for trafficking in cocaine. I disagree with the majority's refusal to address that issue.

In Henman's application for post-conviction relief he pleaded several claims. In separate counts, he alleged that prior to his conviction for trafficking he had already been "punished" for the same offense through as-sessment of a tax and the seizure of his personal property under Idaho's Illegal Drug Tax Act, I.C. §§ 63–4201 to 4211, and that his conviction was therefore unlawful because it: (1) violated former I.C. § 18–301, (2) violated the double jeopardy clause of Idaho Constitution Art. I, § 13, (3) violated Art. I, § 3 of the Idaho Constitution, and (4) violated the double jeopardy clause of the Fifth Amendment to the United States Constitution as applied to the states by the Fourteenth Amendment. Although the majority opinion does not mention it, it is significant that Henman also asserted one more claim for relief—that he received ineffective assistance of counsel when his attorney advised him to plead guilty to the trafficking charge without ever having raised the double jeopardy bar as a defense.

As the majority points out, the district court cited two grounds for dismissing Henman's post-conviction claims. First, the court concluded that Henman was never placed in "jeopardy" by the tax assessments and therefore had no double jeopardy defense to the trafficking charge. Second, the district court held that because Henman had pleaded guilty to trafficking, he had waived the double jeopardy defense and could not now raise it as a bar to fulfilment of his obligations under the plea agreement. The majority refuses to address the substance of Henman's appeal because in his appellant's brief Henman focused only on the district court's first ground for dismissal and did not challenge the court's second ground. I do not agree that this is a deficiency in the appellant's brief that should prevent our consideration of the merits of his appeal with respect to his claim of ineffective assistance of counsel.

I do not take exception to the general proposition that if an appellant fails to challenge all of the trial court's alternative grounds for a ruling, the trial court's decision ordinarily should be upheld on appeal. However, that proposition should apply only where the alternative ground was in fact relied upon as a basis for the trial court's disposition of the claim at issue on appeal. In this case, I do not believe that the alternative basis for the district court's decision

applied to the claim for ineffective assistance of counsel.

The first ground for the district court's dismissal—essentially that Henman had no double jeopardy defense to raise—would, if correct, justify dismissal of *all* of Henman's claims for relief in the post-conviction action. However, the second ground relied upon by the district court—waiver of the double jeopardy defense by Henman's guilty plea—could appropriately serve as a basis for dismissal only as to those counts in his post-conviction application *other than the count alleging ineffective assistance of counsel.* This is so because it is very well established that a defendant may use a post-conviction action to seek relief from a guilty plea where the plea was the product of ineffective assistance from the defense attorney. *State v. Blackburn,* 99 Idaho 222, 579 P.2d 1205 (1978); *Dunlap v. State,* 126 Idaho 901, 905, 894 P.2d 134, 138 (Ct.App.1995); *Remington v. State,* 127 Idaho 443, 901 P.2d 1344 (Ct.App.1995). It is not at all apparent from the record that the district court was relying upon this second ground as a reason for dismissing the ineffective assistance count. If the district court was not so relying, then it was not incumbent upon Henman to challenge that second ground in his appellant's brief contesting the dismissal of his ineffective assistance of counsel claim. In the absence of some indication from the trial court that it was (erroneously) applying the second ground as a basis to dismiss the ineffective assistance count, I am unwilling to assume that the district court did so. I am also unwilling to penalize Henman on this appeal for not assuming that the district court did so.

Henman's argument in this appeal that his criminal defense lawyer was deficient for failing to recognize and raise a double jeopardy defense presents a substantive issue that warrants this Court's attention. If Henman is correct, his guilty plea should be set aside. When an appellate court is presented with a challenge to the validity of a criminal conviction, it should address the merits of that challenge unless procedural bars, an inadequate appellate record, or similar factors make it impossible, unjust or unwise to do so. Such circumstances do not exist here.

Therefore, Henman's claim that he received ineffective assistance of counsel because his lawyer failed to recognize and raise a potential absolute defense to the criminal charge should be addressed and decided by this Court.