IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45897

JASON WARD,

        Petitioner-Appellant,

v.

STATE OF IDAHO,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: September 27, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Cheri C. Copsey, District Judge.

Judgment dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

      Jason Ward appeals from the district court judgment summarily dismissing his second petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

      In May 2011, M.M. accused Ward of raping her, and the State charged Ward with rape and alleged he is a persistent violator. In July 2012, the case proceeded to trial, and the jury found Ward guilty. Ward appealed, and this Court affirmed the conviction. *State v. Ward*, Docket No. 40467 (Ct. App. Jul. 17, 2014) (*Ward I*) (unpublished).

      Thereafter, Ward filed a petition for post-conviction relief (original petition). Among other things, Ward alleged his trial counsel was ineffective for refusing to present witnesses to testify M.M. had purportedly made prior false rape accusations. Specifically, Ward alleged that

1

his trial counsel was ineffective for failing to fully investigate Lane Buddenhagen as a potential witness and that Buddenhagen would have testified M.M. made a prior false allegation of rape against Buddenhagen. The district court summarily dismissed Ward's petition, and Ward appealed. This Court affirmed the dismissal. *State v. Ward*, Docket No. 44005 (Ct. App. Mar. 20, 2017) (*Ward II*) (unpublished).

While his appeal in *Ward II* was still pending, Ward (acting pro se) filed a second petition for post-conviction relief (successive petition). In this successive petition, Ward claimed he was entitled to a new trial based on newly discovered evidence. At the time of his successive petition, Ward's "new evidence" was set forth in an affidavit from Buddenhagen. According to Buddenhagen's affidavit, M.M. told Buddenhagen in June 2011 (a few weeks after the alleged rape) that M.M. had filed a false police report because she feared incarceration; "nothing had ever happened between her and [Ward]"; and the prosecution was threatening her and pressuring her to fabricate testimony against Ward. At the time of Buddenhagen's affidavit, Buddenhagen was incarcerated at the Idaho State Correctional Center (ISCC). Ward also filed his own affidavit in support of his successive petition attesting that, although he was aware of Buddenhagen as a potential witness at the time of trial, Ward was not aware M.M. had recanted to Buddenhagen her rape allegation against Ward.

Following appointment of counsel, Ward filed an amended successive petition. Ward also filed Jennifer Wicklund's affidavit in which Wicklund attests that she was responsible for administering M.M.'s drug tests while M.M. was on probation and that, during May 2011, M.M. had missed numerous drug tests.[1] Ward then filed Delmer Jack's affidavit. Jack attests that, about six weeks after the alleged rape, M.M. told him that she "claimed rape" and that she was "scared" and being forced to testify to avoid prison or a probation violation. Like Buddenhagen, Jack was incarcerated at the ISCC when he signed his affidavit in support of Ward's successive petition.

After Ward filed Jack's affidavit, the State moved for summary dismissal, arguing Ward's "new evidence" did not meet the standard for a new trial. In support, the State challenges Buddenhagen's affidavit as inadmissible hearsay, merely cumulative, not newly

---

[1] The apparent purpose of Wicklund's affidavit was to corroborate Buddenhagen's statements that M.M. feared prosecution for probation violations because she missed her drug testing in May 2011.

discovered, and inadequate to produce an acquittal. The State, however, did not mention either Wicklund's or Jack's affidavits in its filings, although both of these affidavits had been filed before the State moved for summary dismissal. Likewise, Ward's response only addressed Buddenhagen's affidavit.

On the day before the summary dismissal hearing, Lindsay Petersen's affidavit was filed. Like Buddenhagen and Jack, Petersen was incarcerated at the ISCC when Petersen signed his affidavit. Similar to Buddenhagen and Jack, Petersen attests M.M., without prompting, told him that Ward did not rape her; the State was forcing her to testify Ward had raped her; and she was afraid of what the State would do to her if she did not testify against Ward.

The day after Petersen's affidavit was filed, the district court heard argument on the State's motion. During the hearing, the district court questioned counsel about both Wicklund's and Jack's affidavits, despite neither party mentioning these affidavits in their filings. The district court, however, never mentioned Petersen's affidavit and neither did Ward's counsel nor the State.

After the hearing, the district court entered a written order summarily dismissing Ward's successive petition. The district court found three independent grounds warranting summary dismissal of Ward's successive petition. First, the district court found Ward did not provide a "sufficient reason" under Idaho Code § 19-4908 for not presenting his claim of new evidence in his original petition. Second, the district court found Ward failed to support his successive petition with admissible evidence because Buddenhagen's and Jack's affidavits contain inadmissible hearsay. Finally, the district court found Ward failed to meet the standard for a new trial based on newly discovered evidence.

On appeal, Ward challenges the district court's failure to consider Petersen's affidavit, its ruling that Buddenhagen's and Jack's affidavits contain inadmissible hearsay, and its ruling that Ward failed to meet the standard for a new trial based on newly discovered evidence. Ward did not challenge in his opening brief, however, the district court's ruling that he did not provide a "sufficient reason" for his successive petition.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v.*

3

*Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations on which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to reach the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925,

929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

**A.     Insufficient Reason for Ward's Successive Petition Under I.C. § 19-4908**

Ward's appeal fails procedurally because he did not challenge the district court's ruling under I.C. § 19-4908. Idaho Code § 19-4908 provides that any ground for post-conviction relief not raised in an original petition is permanently waived absent "sufficient reason" for failing to include that ground in the original petition. Although the State did not challenge Ward's successive petition under I.C. § 19-4908 in its motion for summary dismissal, the district court expressly found in its summary dismissal order that Ward did not present a "sufficient reason" for his successive petition. This ruling was one of three independent bases for the district court's dismissal of Ward's successive petition.

Ward's appeal does not address this ruling. Ward did not include the district court's ruling under I.C. § 19-4908 in his statement of issues on appeal. *See* Idaho Appellate Rule 35(a)(4) (requiring statement of issues presented for review). Further, Ward did not present any legal argument and authority on this issue in his opening brief, and his reply brief is inadequate to preserve the issue for appeal. *Gallagher v. State*, 141 Idaho 665, 669, 115 P.3d 756, 760 (2005) ("When the opening brief contains no authority on an issue presented, it is immaterial that the party provides authority either in a reply brief or in supplemental briefing because the issue has already been waived."). As a result, Ward waived the issue on appeal. *See State v. Crowe*, 131 Idaho 109, 111, 952 P.2d 1245, 1247 (1998) (ruling requiring that issue be included in statement of issues); *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d. 966, 970 (1996) (ruling party waives issue on appeal if either authority or argument is lacking). Having failed to challenge the district court's independent, alternative basis to dismiss his successive petition under I.C. § 19-4908 is procedurally fatal to Ward's appeal. *See Henman v. State*, 132 Idaho 49, 51, 966 P.2d 49, 51 (Ct. App. 1998) (upholding summary dismissal of petition on unchallenged alternative, independent basis).

Regardless of Ward's failure to challenge the district court's ruling under I.C. § 19-4908, Ward's appeal also fails on the merits for at least two reasons. First, Ward fails to present

admissible evidence necessary to support his successive claims, and second, even assuming all of his proffered evidence were admissible, that evidence is inadequate under the new trial standard to overcome the evidence corroborating M.M.'s trial testimony that she did not consent to intercourse with Ward.

## B.    Inadmissibility of M.M.'s Declarations Under I.R.E. 803(3)

Ward fails to present admissible evidence to support his claim that M.M. testified falsely at trial about not consenting to intercourse with Ward because M.M. feared the prosecution and that her fear motivated her to make a false claim of rape against Ward. Although certain portions of Ward's supporting affidavits may be admissible, key portions necessary to support his claims are inadmissible hearsay.

Ward relies on Idaho Rule of Evidence 803(3), which is the hearsay exception for out-of-court statements of a declarant's state of mind, to argue his supporting affidavits are admissible. Rule 803(3) provides for the admissibility of "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed . . . ."

Idaho courts have narrowly interpreted Rule 803(3). This Court addressed the admissibility of a declarant's existing state of mind in *State v. Rosencrantz*, 110 Idaho 124, 714 P.2d 93 (Ct. App. 1986).[2]  In that case, Rosencrantz was tried for murdering his ex-girlfriend, Cathy. *Id.* at 126, 714 P.2d at 95. At trial, Cathy's sister testified Cathy acted fearful of Rosencrantz, including watching the street nervously, placing a blanket over the windows, locking the door, avoiding people, and parking in nonobvious places. *Id.* at 127, 714 P.2d at 96. On appeal, Rosencrantz challenged this testimony as inadmissible hearsay. This Court ruled "[a] victim's out-of-court expression of fear may be used to show his or her state of mind but not to

---

[2]    This Court in *State v. Rosencrantz*, 110 Idaho 124, 714 P.2d 93 (Ct. App. 1986), relied on Idaho common law interpreting the state of mind exception to the hearsay rule as it existed before Idaho adopted I.R.E. 803(3) in 1985. *See Rosencrantz*, 110 Idaho at 127, 714 P.2d at 96 (citing *State v. Goodrich*, 97 Idaho 472, 546 P.2d 1180 (1976) and *State v. Radabaugh*, 93 Idaho 727, 471 P.2d 582 (1970)). Since Idaho's adoption of I.R.E. 803(3), the Idaho Supreme Court has cited this same common law with approval. *See State v. Shackelford*, 150 Idaho 355, 364 n.3, 247 P.3d 582, 591 n.3 (2010) ("While the Idaho Rules of Evidence were not adopted until 1985, the 'state of mind' exception existed under common law rules used in Idaho in nearly identical form to I.R.E. 803(3); thus, the analysis remains similar.").

6

prove the underlying facts upon which the fear is based. Those underlying facts must be established by other, nonhearsay evidence." *Id.* at 128, 714 P.2d at 97. Applying this rule, this Court concluded that "Cathy's conduct revealed her state of mind without portraying the facts upon which the fear was based. Those facts were independently established by the sister's testimony that she saw Rosencrantz beat Cathy." *Id.* Thus, this Court ruled Cathy's sister's testimony that Cathy acted fearful of Rosencrantz was admissible under the state of mind exception to the hearsay rule.

The Idaho Supreme Court in *State v. Shackelford*, 150 Idaho 355, 247 P.3d 582 (2010), addressed the admissibility of a murder victim's declarations under I.R.E. 803(3) about her fear of the defendant and noted additional requirements for admissibility. *Id.* at 364-65, 247 P.3d at 591-92. Shackelford was accused of killing the victim and then setting fire to the garage in which she was killed. *Id.* at 362, 247 P.3d at 589. During the investigation, Shackelford suggested the victim may have committed suicide. *Id.* As a result, the district court allowed the State to admit at trial numerous "statements made by [the victim] expressing her fear that [the defendant] was going to harm her" under I.R.E. 803(3) in order to refute the suggestion that the victim committed suicide. *Id.* at 364, 247 P.3d at 591. Shackelford was convicted and challenged this evidentiary ruling on appeal.

As in *Rosencrantz*, the *Shackelford* Court relied on Idaho common law developed before the adoption of I.R.E. 803(3) to interpret that rule, and it noted additional limitations on the admissibility of a statement under I.R.E. 803(3), including that (1) the statement must be relevant; and (2) its probative value must outweigh the potential prejudice to the defendant. *Shackelford*, 150 at 364, 247 P.3d at 591; *see also* I.R.E. 402 (stating irrelevant evidence is not admissible); I.R.E. 403 (allowing for exclusion of relevant evidence if probative value is substantially outweighed by prejudice). Regarding relevancy, the *Shackelford* Court recognized four categories in which a declarant's state of mind is relevant because of the statement's relationship to the legal theories asserted. *Id.* at 364, 247 P.3d at 591. These categories include when there is a specific "mens rea" at issue or when the defendant claims self-defense, claims the victim was accidentally killed, or claims the victim committed suicide. *Id.* Although Shackelford had raised the issue of suicide during the investigation, he did not raise it during trial. *Id.* at 366, 247 P.3d at 593. For this reason, the *Shackelford* Court ruled the victim's declarations were inadmissible under I.R.E. 803(3) as irrelevant. *Id.* at 364, 247 P.3d at 591.

7

Based on *Shackelford* and *Rosencrantz*, we conclude a victim's hearsay declaration is admissible under Rule 803(3) to show the victim's fear but not the reason for that fear as long as the statement is relevant to a legal theory presented at trial and has probative value outweighing the possibility of prejudicing the defendant. Although this interpretation of I.R.E. 803(3) developed in the context of a *murder* victim's state of mind, it is equally applicable in other scenarios. *Cf. People v. Haymaker*, 716 P.2d 110, 113 (Colo. 1986) (en banc) (concluding declaration of victim's expression of fear of defendant admissible in rape case to refute defense's theory of consent).

The proffered testimony of Buddenhagen and Jack fails to meet this standard and is inadmissible under Rule 803(3).[3] Ward asserts the affiants' statements "were offered to prove that M.M. was afraid and that her fear motivated her to formulate a plan to make false claims against [Ward] and thereby show that she subsequently carried out that plan." Unlike the declarations in *Shackelford* and *Rosencrantz*, however, M.M.'s declarations do not express a fear of the defendant, Ward. Rather, the declarations express M.M.'s fear of the prosecution and the possible consequences of her own criminal conduct. None of these declarations is relevant to any trial theory. Although Ward testified at trial that he and M.M. had consensual intercourse, M.M.'s fear of prosecution and of incarceration for probation violations after the alleged rape is not probative of her consent at the time of the alleged rape. That M.M. allegedly consented to intercourse with Ward neither necessarily nor logically follows from the assertion M.M. feared prosecution for her own criminal conduct and for that reason she lied to avoid punishment.

Moreover, M.M.'s declarations would only be admissible under Rule 803(3) to show she feared the prosecution. The declarations would not be admissible to show she had this fear because the prosecution was purportedly threatening her and forcing her to testify. Absent corroborating evidence that the prosecution actually threatened M.M. or promised leniency in

---

[3] As Ward notes, the district court failed to address the admissibility of Petersen's affidavit. Certain statements in Petersen's affidavit are likely inadmissible for the same reasons portions of Buddenhagen's and Jack's affidavits are inadmissible. Generally, however, a district court must determine the admissibility of evidence, and its failure to do so is an error we may not remedy on appeal. *See Montgomery v. Montgomery*, 147 Idaho 1, 6-7, 205 P.3d 650, 655-56 (2009) (stating appellate court's role is to note error and remand for appropriate findings). Because this Court affirms the district court's dismissal of Ward's successive petition on independent, alternative grounds, we conclude remand is unnecessary.

exchange for her fabrication of evidence against Ward, M.M.'s fear of the prosecution alone is not probative of whether M.M. lied at trial about not consenting to intercourse with Ward. M.M.'s expressions of fear of the prosecution are, thus, inadmissible.

**C.      Ward's Newly Discovered Evidence Does Not Meet the New Trial Standard**

An additional reason Ward's appeal fails on the merits is that his supporting proffered evidence fails to satisfy the standard for a new trial:

> Newly discovered evidence warrants a new trial only if the defendant demonstrates:  (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the evidence is material, not merely cumulative or impeaching; (3) it will probably produce an acquittal; and (4) failure to learn of the evidence was due to no lack of diligence on the part of the defendant.

*State v. Capone*, 164 Idaho 118, 128, 426 P.3d 469, 479 (2018); *see also State v. Stevens*, 146 Idaho 139, 144, 191 P.3d 217, 222 (2008); *State v. Drapeau*, 97 Idaho 685, 691, 551 P.2d 972, 978 (1976).  Importantly, each of these elements must be established to warrant a new trial. *State v. Ames*, 112 Idaho 144, 146, 730 P.2d 1064, 1066 (Ct. App. 1986).

Even assuming Ward was diligent and his proffered evidence was newly discovered, admissible, and material, Ward's new evidence would not likely produce an acquittal.  This Court has already concluded "overwhelming" evidence supports the conviction against Ward:

> In this case, there was overwhelming testimony and evidence for the jury to conclude that the victim was raped, even if Ward's statements during the guilty plea proceeding had not been admitted.  Illustrative of this is the fact that, after two days of testimony, the jury was excused for deliberation at 2:10 p.m. and returned at 3:50 p.m. with a guilty verdict against Ward.  Given the fact that testing of vaginal swabs revealed DNA that matched the sample provided by Ward, there was no question that Ward had sexual intercourse with the victim. The remaining issue for the jury, in essence, was whether the victim's testimony was credible. Supporting the credibility of the victim's testimony was the testimony of the State's other witnesses.  The officer who responded to the 911 call testified that she found the victim crying, incoherent, and distraught. Moreover, the officer noticed that the victim was dirty and had weeds and debris on her.  The paramedic, too, noted that the victim had weeds in her hair, and also recalled that the victim had ripped clothing, was disheveled and emotionally distraught, and recalled that she observed red marks on the victim.  Similarly, the hospital nurse witnessed redness on the victim's face, a bite mark, scratches, and early stages of bruising on the victim.  And like the other witnesses, she too saw that the victim had debris in her hair and on her clothing.  Although Ward presented testimony from the victim's ex-boyfriend, he was not near the canal where the rape occurred and the jury may have discounted his testimony because he was on felony probation for intimidation of the victim in this case.  Given the evidence, we are not persuaded that there is a reasonable possibility that the

9

assumed error in admitting the guilty-plea-proceeding statements affected the outcome of the trial.

*Ward I*, Docket No. 40467.  Based on the extensive evidence corroborating M.M.'s testimony at trial that she did not consent to intercourse with Ward, there is no reasonable probability Ward's newly discovered evidence would produce an acquittal.

## IV.

## CONCLUSION

Ward's appeal fails because he did not challenge the district court's independent ruling under I.C. § 19-4908 that Ward lacked sufficient reason to file his successive petition. Moreover, Ward's newly discovered evidence is inadmissible under I.R.E. 803(3) because it is not relevant to whether M.M. consented to intercourse, and even assuming admissibility, Ward's newly discovered evidence fails to meet all the elements of the standard for a new trial. Accordingly, the district court judgment summarily dismissing Ward's successive petition is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.