# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51809

| | |
|---|---|
| STATE OF IDAHO,<br><br>     Plaintiff-Respondent,<br><br>v.<br><br>JORGE MORALES MARTINEZ,<br><br>     Defendant-Appellant. | Filed:  September 29, 2025<br><br>Melanie Gagnepain, Clerk<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Benjamin J. Cluff, District Judge.

Order denying motion to suppress, <u>affirmed</u>; judgment of conviction for trafficking in heroin, possession of fentanyl with intent to deliver, and possession of methamphetamine, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Jorge Morales Martinez appeals from his judgment of conviction for trafficking in heroin, possession of fentanyl with intent to deliver, and possession of methamphetamine.  Martinez claims that the district court erred in denying his motion to suppress arguing the officer lacked reasonable suspicion to conduct the traffic stop.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Deputy McBride observed two Kia Optima vehicles with matching make, model, color, and temporary Arizona registration tags, traveling in tandem.  Based on his training and experience in drug interdiction, Deputy McBride recognized this as a common pattern used by drug traffickers, in which one vehicle acts as a "load car" carrying contraband, and the other as a "chase car" intended to distract or obstruct law enforcement.

1

Deputy McBride positioned his patrol car parallel to the first vehicle, driven by Martinez, for approximately one mile. When Deputy McBride activated his turn signal to merge behind Martinez, the second vehicle accelerated to block his maneuver. Deputy McBride then activated his rear overhead lights to merge safely. Although the second vehicle briefly yielded, it quickly accelerated again and swerved to within a foot of the patrol car as Deputy McBride attempted to merge behind Martinez's vehicle.

Eventually, Deputy McBride was able to position himself behind Martinez's vehicle. Deputy McBride paced the vehicle's speed at fifty miles per hour in a forty-five mile-per-hour zone and initiated a traffic stop. With Martinez's consent, Deputy McBride conducted a search of the vehicle and discovered approximately 11.69 pounds of fentanyl and over 1,200 grams of heroin concealed in the trunk. Additionally, a small amount of methamphetamine was found on Martinez's person during a search prior to arrest. Martinez was arrested and subsequently charged with trafficking in heroin, Idaho Code § 37-2732B(a)(6)(C), possession of fentanyl with intent to deliver, I.C. § 37-2732(a)(1)(A), and possession of methamphetamine, I.C. § 37-2732(c)(1).

Martinez filed a motion to suppress, challenging the legality of the traffic stop and the scope of the subsequent detention. The district court denied the motion, finding that the stop was supported both by reasonable suspicion of a traffic violation and by reasonable suspicion of drug trafficking based on the totality of the circumstances. Martinez later entered a conditional guilty plea, reserving the right to appeal the order denying the motion to suppress. Martinez appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); State v. Schevers, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

2

## ANALYSIS

On appeal, Martinez claims the district court erred by denying his motion to suppress because Deputy McBride lacked reasonable suspicion to stop Martinez for speeding. Martinez argues that, since Deputy McBride did not record Martinez's speed with radar or have video evidence of Martinez speeding, the evidence was insufficient to conclude that Deputy McBride possessed reasonable suspicion for the traffic stop.

Martinez challenges only the district court's finding that Deputy McBride had reasonable suspicion to stop Martinez's vehicle for speeding. However, the district court alternatively found that Deputy McBride had reasonable suspicion that Martinez was involved in drug-related activity prior to initiating the traffic stop. This reasonable suspicion was based on the deputy's observation of two vehicles of the same color, make, and model traveling in tandem, a commonly used scheme by those involved in drug trafficking. Deputy McBride's suspicions were strengthened when the other vehicle behaved as a chase car and almost struck Deputy McBride's patrol car when he tried to merge behind the front vehicle. On appeal, Martinez does not challenge the district court's alternative finding of reasonable suspicion for the stop based on drug-related activity.

Where a trial court's ruling rests on an unchallenged, independent ground, appellate courts must affirm. *See Grove v. State*, 161 Idaho 840, 855-56, 392 P.3d 18, 33-34 (Ct. App. 2017); *State v. Goodwin*, 131 Idaho 364, 366-67, 956 P.2d 1311, 1313-14 (Ct. App. 1998). Martinez did not challenge the drug-related basis for the stop in his "Statement of Issues" or in any separate section of his briefing on appeal. In *MacLeod v. Reed*, 126 Idaho 669, 889 P.2d 103 (Ct. App. 1995), this Court held:

> The review of a trial court's action is inappropriate when the action has not been listed as an issue on appeal and no argument or authority on the issue is contained in the brief on appeal. Similarly, where a judgment of the trial court is based upon alternative grounds, the fact that one of the grounds may be in error is of no consequence and may be disregarded if the judgment can be sustained upon one of the other grounds.

*Id.* at 671, 889 P.2d at 105 (internal citation omitted). Thus, regardless of Martinez's argument that Deputy McBride did not use radar or have video evidence of Martinez traveling fifty miles per hour in a forty-five mile-per-hour zone, Martinez does not challenge the district court's alternative finding of evidence sufficient to establish reasonable suspicion that Martinez was involved in drug-related activities justifying the stop. Without any argument or authority from

Martinez as to this alternative finding, we will not presume error by the district court and affirm the denial of the motion to suppress on the alternative basis. Thus, we need not address finding of reasonable suspicion for the stop based on speeding.

## IV.

## CONCLUSION

Martinez failed to challenge the independent and alternative ground of drug-related activity supporting the traffic stop. Accordingly, the district court's order denying Martinez's motion to suppress and his judgment of conviction are affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.